The opinion of the court was delivered by
Brewer, J.:
Defendant took up certain cattle belonging to plaintiff, and posted them as strays. Plaintiff brought his action of replevin, and on the trial the district court found the value of defendant’s possession to be $64, and rendered judgment in his favor for that amount. Of this plaintiff complains, and for first ground of error says that the whole proceedings of defendant were void because he knew whose cattle they were when he took them up. He insists that only cattle whose owner is unknown can be taken up under the stray law. We are inclined to doubt this construction, and to think that the word “stray” is used in the statute in the sense of wandering, roving, as defined by Webster, and as *578 ordinarily understood, and not in the sense of the old common-law term, “estrays.” Still, it is unnecessary to determine this question, for the defendant swears positively that he did not know whose cattle they were when he took them up; and though the whole testimony would seem to indicate that even if he did not know absolutely, he had a very strong and correct impression of the ownership, yet the finding of the court being general in his favor, and without any special findings of fact, and there being positive testimony as to his ignorance, this court cannot say that the district court did not decide the law in accordance with the plaintiff’s views, and the facts in accordance with the defendant’s testimony, nor set aside a finding based upon such positive testimony.
Again, it is urged that the notices posted did not sufficiently describe the cattle. The notices are not produced, and the only testimony is that of two witnesses who testify from their recollection of the contents. Of course this testimony is not very full nor positive, yet as the defendant proceeded immediately after taking up the cattle to prepare and post notices, attempting at least to comply with the statute, we do not feel warranted upon such imperfect testimony in setting aside the finding of the district court, and declaring the defendant’s possession illegal and tortious. The statute calls for a “full description.” We cannot say from the record that the description was not “full” enough to give general and correct information as to the property taken up.
The judgment of the district court is affirmed.
All the Justices concurring.