## BROWN, *Appellant*, v. BROWN.

### DIVISION ONE.

1. **Practice**: EJECTMENT: EVIDENCE. In ejectment where the answer is an equitable defense and a plea of the statute of limitations, evidence tending to establish the latter defense is admissible although insufficient to establish the former.

2. ——: ——: FINDING OF TRIAL COURT. The finding of the trial court in ejectment as to the weight of the evidence on the issue of adverse possession is conclusive.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Matthews & Sparrow* for appellant.

(1) Under the pleadings and evidence the finding ought to be for the plaintiff, as the statute of limitation will not run. *Moore v. Harris*, 91 Mo. 622; *Wilson v. Albert*, 89 Mo. 537; *Anderson v. McPike*, 86 Mo. 299. (2) The statute of limitation cannot be worked as a bar where the occupancy relied upon to support it is neither adverse, nor accompanied by any act showing a claim of exclusive ownership. The defendant has no color of

title upon which to rest an adverse title. Statute of limitation to avail must be under color of title. *Burke v. Adams*, 80 Mo. 505; *Hamilton v. Boggess*, 63 Mo. 235. (3) To make defendant's title good under the statute of limitation, the indication of the claimant's possession should be so patent that the plaintiff could not be deceived, so that if she remained in ignorance it is her own fault. *Pike v. Robertson*, 79 Mo. 615; *Musick v. Borney*, 49 Mo. 458; *Johnson v. Prewitt*, 32 Mo. 553; *Buren v. Buren*, 79 Mo. 538. (4) When a party is in possession of property in privity with the rightful owner, nothing short of an open and explicit disavowal and disclaim of a holding under that title and asserting title in himself brought home to the owner will the law lay a foundation for the operation of the statute of limitation. Tyler on Eject., p. 876; *Gordon v. Evans*, 97 Mo. 587, and cases cited.

*Ben Eli Guthrie* for respondent.

(1) Defendant's possession was never in privity with the plaintiff. The evidence fails to show any relation of landlord and tenant, or any acknowledgment of the right of plaintiff. He was in possession in 1864, holding in his own right and for himself. He has ever continued so to hold. He did not as a grantee go in under plaintiff. A grantee holds adversely, and can set up the statute. *Macklut v. Dubrenil*, 9 Mo. 477; *James v. Patterson*, 1 Swan (Tenn.) 309; s. c., 55 Am. Dec. 737. Vendor's and vendee's interest in land are adverse from the moment the deed is delivered, even when the sale is completed, though the deed be withheld. *Ridgeway v. Holliday*, 59 Mo. 444. But this case is stronger. After a reasonable time to deliver possession there should be some clear and unequivocal recognition of grantee's right to prevent the running of the statute, because the continued possession of the grantor is a daily and hourly assertion that the deed is

invalid. In *Jackson v. Aldrich*, 13 Johns. 106, 108, THOMPSON, C. J. (the case of a grantor in possession), says: "The mere fact of a twelve years' possession, without the payment, or even claim, of rent, would more naturally lead to the conclusion of a reconveyance by Garrison, or that his title had been, in some way, extinguished." (2) The question of the adverse holding and possession was submitted to the court sitting as a jury by the third instruction given; as was also the sufficiency of notice to plaintiff of such adverse holding. If the instruction is not strong enough, the appellant should have made it stronger. It is her own instruction given as asked; she cannot complain of it. The court found the facts against her, and the appellate court cannot, and will not, review the finding of facts. This is the universal rule in this court. (3) Appellant complains of the admission of evidence; but he did not object nor save exceptions. Even, general objections are not sufficient. *State v. Walker*, 98 Mo. 95.

BRACE, J.—This is an action in ejectment to recover eighty acres of land in Macon county, commenced August 2, 1887; the plaintiff and defendant are mother and son. The petition is in common form. The answer admits that the paper title is in plaintiff by deed from himself to her made in the year 1864, and sets up the statute of limitations and an equitable defense, in substance, that he executed the deed to her at her request without any consideration, upon the understanding and agreement that she was to hold the legal title in trust for him so as to secure to him and his family a home against the mischances of life, and prays the court to divest plaintiff of all title to the premises by reason of the deeds; to cancel the same and to invest defendant with title to the premises and for general relief.

The reply was a general denial of the new matter set up in the answer. The case was submitted to the

court without a jury. The plaintiff introduced in evidence a deed from Craven P. Ross and wife, dated December 2, 1857, conveying the premises to the defendant; and a deed from the defendant and wife dated April 12, 1864, conveying the premises to the plaintiff, and parol evidence of the value of the rents, and rested.

The defendant then introduced parol evidence showing that he was in possession of the premises at the time the deed was made to his mother, and ever since has continued in the uninterrupted, open and notorious possession thereof, controlling and enjoying the same as his own, and tending to prove that his possession was adverse to his mother and the world and under claim of exclusive right thereto, and parol evidence tending to prove the facts set up as an equitable defense in his answer. The plaintiff in rebuttal introduced parol evidence tending to prove that the original purchase money, paid for the land to Ross in 1857, was her money; that the deed was taken in the name of the defendant, her oldest son, then just of age, to exclude the marital rights of her husband with the understanding that he was to deed the land back to her whenever she requested; that his deed of 1864 was executed in pursuance of such request; that she always claimed the land as her own, and that defendant's possession was permissive and in subordination to her right; *per contra*, the defendant's evidence tended to prove that the money furnished by the defendant to buy the land was a gift by way of advancement for the purpose of procuring him a home, and while, after making the deed of 1864, he recognized the fact that the legal title was in his mother, he always claimed the land as his, in his own right, and not under his mother, and so possessed it, and his possession was so recognized by her. There was no objection to the admission of any of the evidence.

The plaintiff asked nine declarations of law by way of instructions, all of which were given except three;

none were given in behalf of the defendant. The court took the case under advisement until the next term, and then rendered a plain judgment in ejectment in favor of defendant, from which plaintiff appeals, and assigns for error the refusal of the three instructions asked for.

I.    The first of these instructions was in the nature of a demurrer to the evidence. The other two were declarations in substance that the deed from defendant to plaintiff is absolute on its face, and parol evidence to establish it as a conveyance in trust for defendant is inadmissible ; therefore, the finding should be for the plaintiff. There was no error in refusing these declarations ; for, although the parol evidence admitted in the case without objection may have been insufficient to make out the equitable defense set up in the answer, yet it was admissible for the purpose of showing that the deed was without consideration and that the defendant's possession of the premises after its execution was adverse to the plaintiff ; for this purpose only it seems to have been regarded by the court, since in its judgment the equitable defense of the answer was wholly ignored, and neither the equitable relief therein prayed for, nor any equitable relief, was granted. If admissible for this purpose and sufficient to sustain the defendant's plea of the statute of limitations, then the finding could not be for the plaintiff. Upon that plea the finding was for the defendant, and, while the evidence upon the question of adverse possession may be said to be conflicting, it certainly cannot be said there was no substantial evidence to support the finding of the court upon that issue ; in view of the fact that it was established by uncontradicted evidence that the defendant remained in the open, notorious, peaceable and continuous possession of the premises for more than twenty years after his deed to his mother was made, and before this suit was brought, using and improving the same as if it were his own, with the knowledge and

almost in the immediate presence of his mother (who lived with another son about a mile and a quarter distant), and who never charged, demanded or received from the defendant any rent for the use of the premises, nor was ever recognized by any act of his as his landlord. Superadded to which was evidence of declarations, by her, that it was defendant's land; the reputation among the neighbors that it was his; that the consideration named in the deed never passed, nor was intended to be passed; and that the improvements that he made upon it with the knowledge of his mother were valuable and permanent. There was certainly substantial evidence tending to prove that during all that time he was holding adversely to her.

The finding of the trial court as to the weight of the evidence on that issue is conclusive; it is sufficient to sustain the judgment which is accordingly affirmed. All concur.