FREDERICK KAHM *et al.* v. ANNIE L. KLAUS.

No. 11,917.   (67 Pac. 542.)

SYLLABUS BY THE COURT.

1. TRUSTS AND TRUSTEES—*Implication of Law—Ex Maleficio.*
A woman was in disagreement with her brother over a tract of
land. Her brother-in-law advised her to give him a power of at-
torney to manage the land for her, because, as he said, he could
contend better with her brother. He gave her a paper which he
represented to be such instrument. Having confidence in him on
account of their relationship, she signed the paper without read-
ing it. It was in reality a deed to him of the land. *Held,* that
he became a constructive trustee and was bound to reconvey the
land and account for its rents and profits.

2. ———— *Limitation of Action.* In the case above stated, the
action to declare the trust and for the recovery of the rents and
profits of the land was an action for relief on the ground of fraud,
and could not have been barred until the lapse of two years after
the discovery of the deception practiced in procuring the deed.

3. ———— *Case Followed.* The case of *Courtney v. Staude-
mayer,* 56 Kan. 392, 43 Pac. 758, 54 Am. St. Rep. 592, reaffirmed
and followed.

Error from Douglas district court; SAMUEL A.
RIGGS, judge. Opinion filed January 11, 1902. Af-
firmed.

*Bishop & Mitchell,* for plaintiffs in error.

*Brownell & Poehler,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action to declare a trust
in land, and to recover the rents and profits of the land
from the trustee. Judgment went in favor of the plain-
tiff on both demands, to reverse which error has been
prosecuted. Summarized, the undisputed facts, and
likewise those which, although disputed, were of
necessity ascertained by the court and included in its

general finding, were that in 1872 one Mary Urban, then the owner of the land, executed a deed of it to her son in-law, Frederick Kahm, for the consideration of $550. This deed was intended by the parties as a mortgage to secure the payment of the sum named. Mary Urban died in 1884, after devising the land to her daughter ·Annie Klaus. Trouble arose between the daughter and her brother over the disposition of the land by their mother. Frederick Kahm, the brother-in-law, advised Annie Klaus to give him a paper authorizing him to manage the land for her, because, as he said, he could better deal with the brother than could she. She assented and he gave her a paper to execute which she supposed was a power of attorney. It was, in fact, a deed of the land. She did not read it because, on account of her relationship to Kahm, she trusted him and assumed the paper to be as agreed on, and as represented by him. She received no consideration for the making of this instrument and did not discover it to be a deed until 1898, whereupon she instituted the action mentioned. From the above recital of facts all merely evidentiary matter is of course omitted.

The claim of the plaintiffs in error is that the trust, if any, was an express trust, and, not being in writing, was void. (Gen. Stat. 1901, § 7875.) This claim is untenable. It is impossible to view the acts of the parties in the light of their intention, or, rather, lack of intention, as the creation of an express trust. There was no agreement that the grantee, Kahm, should take and hold the title of the land for the use and benefit of the grantor, Klaus. The agreement was that he should manage the land for her as her agent. Instead of procuring from her a writing fit and appropriate to express such agreement, he procured from

her a conveyance of the title without her knowledge of the character of the instrument. Such being the case he became a trustee *ex maleficio.* The trust which arose out of the transaction was not an express trust, but was an involuntary or constructive trust, or, as termed in our statute, one which "arises by implication of law." This class embraces all those instances in which one through the fraud of another has given over his property to such other without an intention to create a trust relation. In such instances equity, nevertheless, raises or implies a trust, and holds the constructive trustee to an account. The books abound in cases illustrating and enforcing this doctrine. (*Newell v. Newell,* 14 Kan. 202 ; *Farmers' Bank v. Kimball Milling Co.,* 1 S. Dak. 388, 47 N. W. 402, 36 Am. St. Γ. ο. 739 ; *Larmon et al. v. Knight et al.,* 140 Ill. 232, 29 N. E. 1116, 33 Am. St. Rep. 229.) So, likewise, gains and profits arising from property impressed with a constructive trust follow such trust and inure to the benefit of the real owner. (*Farmers' Bank v. Kimball Milling Co.,* supra.) The above decisions and many others uphold the claim of the defendant in error that, as to the land described in the deed of 1884, and the rents and profits accruing therefrom, the plaintiff in error was a trustee.

Kahm, the trustee, took possession of the land in 1885 through a tenant, and paid the rent of that year and also part of the rent of 1886 to Klaus. Beginning with 1887, he kept the whole of the rent himself, but made no claim of title until 1898. Under such circumstances, the plea of the statute of limitations was no defense. The fraud was not discovered by Klaus until, through Kahm's assertion of title, the real nature of the instrument he had induced the former to execute was disclosed. The action was then com-

menced within the two years required by section 18
of the civil code (Gen. Stat. 1901, § 4446).   The cause
of action for the recovery of rents was governed by
the same period of limitation as the one to declare
the trust.   They both were founded on the same
transaction.   The case of *Seibert v. Baxter*, 36 Kan.
189, 12 Pac. 934, is inapplicable, because in that case
the claim for rents was on a contract which the law
implied from a known state of facts.   In this case it
is on an obligation which equity implies or creates
out of an unknown and fraudulently concealed state
of facts.

The plaintiff in error claimed in the court below that
the deed of 1872 made to him by Mary Urban was, as
it purported to be, a conveyance of the land.   He de-
nied the claim of the defendant in error that it was a
mortgage.   The court, however, found that it was the
latter kind of instrument.   The plaintiff in error now
claims that the court should have foreclosed the deed
as a mortgage.   He made no demand for foreclosure
in the court below, nor had he any pleadings in the
case under which such demand could have been made,
and it is therefore difficult to perceive how such relief
could have been awarded.   Whether under such cir-
cumstances the doctrine of estoppel by election of
remedies applies we need not determine.   The case has
some features like *Bank v. Haskell County*, 61 Kan. 785,
60 Pac. 1062.   However, in that case the claim first
asserted was denied without an adjudication that
another one existed.   In this case the claim first as-
serted was denied for the reason, as found by the court,
that another one did exist.   That finding, however,
was made in opposition to the theory of defendant, the
plaintiff in error here.   Notwithstanding his disavowal
it could have been made, possibly, the basis of affirm-

ative relief in his favor if the mortgage found to exist, or rather to have once existed, had been also found a valid and subsisting lien. But it was not, nor could it have been, so found. It was twenty-six years old at the time the present action was begun. Presumptively it was paid. (*Courtney v. Staudemayer*, 56 Kan. 392, 43 Pac. 758, 54 Am. St. Rep. 592.) Whether under the peculiar circumstances of the case the statute of limitations proper applies is immaterial. The common-law doctrine of presumption of payment does apply, even if the statute does not.

As mentioned in the beginning, we have stated only the ultimate, not the evidentiary, facts. Counsel for plaintiff in error contend that the court below erred in its view of the evidence. We ourselves could wish it more strongly preponderating in favor of defendant in error, because written instruments on which contractual rights are founded should not be impeached on charges of fraud, save when the evidence is clear and satisfactory. (*Insurance Co. v. Rammelsberg*, 58 Kan. 531, 50 Pac. 446.) That rule, however, is one for the trial court rather than this court. The ordinary rule for us is that when a case has been tried in the court below without a jury and there is some testimony in proof of every fact necessary to sustain the general finding, the finding will be upheld without undertaking to review the evidence. (*Wood v. Davis*, 12 Kan. 575.) Some minor claims of error were made. They relate principally to the reception or rejection of evidence. They are not well founded.

The judgment of the court below is affirmed.

JOHNSTON, SMITH, GREENE, JJ., concurring.