# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1911.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER, } JUSTICES.
HON. ALFRED W. BENSON,
HON. JUDSON S. WEST,

DENNIS D. DOTY, *Appellant,* v. R. S. CONE, *Appellee.*

No. 16,367.

### SYLLABUS BY THE COURT.

FORCIBLE ENTRY AND DETAINER—*Adverse Claimants—Priority of Possession.* As between two claimants to the possession of a tract of land, each basing his claim upon an assertion of title, the one who first obtains peaceable possession is entitled to maintain it until divested by the judgment of a court of competent jurisdiction.

Appeal from Finney district court. Opinion filed June 10, 1911. Reversed.

*W. R. Hopkins,* and *Richard J. Hopkins,* for the appellant.

*Fred J. Evans,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action of forcible entry and detainer was brought by the appellant to recover possession of a certain part of a block in Garden City. It is

1—85 KAN.

contended that the appeal should be dismissed for the reason that judgment was given before the justice of the peace, in favor of the plaintiff against the defendant, by consent. The day the case was set for hearing the defendant made a proper application for a continuance for eight days, which he was entitled to without bond. The justice, however, continued the case for a longer time and required the defendant to give a bond, which he refused to do. It appears to have been tacitly agreed that judgment be taken in favor of the plaintiff for the purpose of appealing the case to the district court, and at that very time, without objection, the justice fixed the amount of an appeal bond, which the defendant promptly gave. It appears to have been a tacit arrangement to take the case to the district court for trial. We do not think, under the circumstances of the case, that it comes within the statute denying the right of appeal from judgments rendered on confession. (Jus. Civ. Code, § 132.)

On the trial in the district court, to prove his right of possession the plaintiff introduced in evidence the record of an assignment to himself of a mortgage for $125, which showed upon its face that it had been past due for more than twenty years, and offered no evidence that the mortgage had not been paid. The presumption is that the mortgage had been paid; hence the mortgage gave him no right of possession. (*Courtney v. Staudenmayer,* 56 Kan. 392; *Kahm v. Klaus,* 64 Kan. 24.)

The evidence, however, is unconflicting that the plaintiff took possession of the lot, claiming the right to do so under the mortgage, and inclosed it with a post-and-wire fence. The defendant, to show right of possession through title in himself, introduced evidence showing a chain of title in fee from the mortgagor, under whom the plaintiff also claimed, to himself and one Evans. He proceeded, however, to prove that a tax deed had been issued more than five years

Doty v. Cone.

before the commencement of this action, which, in the absence of any showing to the contrary, is presumed to be valid, and to show successive conveyances of the tax title, the last in succession being to one William Wonn and not to himself. It appears that he thus defeated his fee title, and that neither party had any right to the possession under their respective claims of title.

It is admitted by the defendant in his testimony that shortly before the commencement of the action the plaintiff had the property in controversy inclosed with a post-and-wire fence, and that he—the defendant —went upon the land, tore down the fence and took possession of the property. This constituted a forcible entry.

As between the parties, the plaintiff first had peaceable possession of the land, although there was some old chicken fence on the land at the time he took possession of it, which was removed with the consent and assistance of the party who placed it there. The evidence of the defendant that he went upon the lot and offered to sell it when it was vacant is not proof of possession. "Possession of land," in the sense that it confers a right to the continuance thereof, must be actual—not constructive.

The plaintiff having taken actual possession of the lot, the defendant could acquire no right to it by scrambling for its possession, even if he had the greater right, which does not appear. (*Wilson v. Campbell,* 75 Kan. 159; *Kelley v. Forney,* 84 Kan. 297; *Cocnradt v. Campbell,* 25 Kan. 227; 19 Cyc. 1153.)

It follows that the court erred in discharging the jury and rendering judgment for the defendant.

The judgment is reversed and the cause is remanded with instructions to render judgment for the plaintiff.