## THE STATE ex rel. CHRISTIAN COUNTY v. JOHN P. GORDON, State Auditor.

### In Banc, May 3, 1915.

1. **COUNTY INDEBTEDNESS: In Excess of Income.** A county cannot, without the assent of two-thirds of the voters thereof, issue bonds whose aggregate amount exceeds the income and revenue of the county for the year in which the bonds are issued. And so much of the Act of 1913, Laws 1913, p. 122, as authorizes a larger indebtedness, is unconstitutional.

2. ———: ———: **Bonds Payable By Installments.** There is a wide difference between a contract by a city to buy water in annual installments and to pay for it yearly as it is delivered and used, and an obligation imposed on the county by the issuance of bonds which are to be sold when issued and the proceeds used for building a courthouse; for, negotiable bonds when sold will become at once binding obligations of the county to pay the legal holders thereof the aggregate amount of money mentioned in them, whether the courthouse is ever built or not; and, hence, if the aggregate amount of the bonds exceeds the income and revenue of the county for the year in which they are issued,

they are invalid, unless authorized by two-thirds of the voters of the county voting at an election held for that purpose.

*Held*, by BOND, J., dissenting, that the bonds proposed to be issued are spread over a period of ten years, and as it is evident from them that the amount payable thereon does not exceed for any one year the income and revenue of the county for the year in which they are issued, they are not in contravention of the Constitution, but valid.

3. ———: **Cash Basis.** The only logical and fair construction of section 12 of article 10 of the Constitution is that its unmistakable purpose was to force counties to transact their business upon a cash basis, and not to incur debts to be paid after the year in which they were created has expired.

## Mandamus.

WRIT DENIED.

*Irwin & Peters, S. E. Bronson, Hayes & Hayes, Barrett & Moore* and *Barbour & McDavid* for relator.

(1) A statute will not be declared unconstitutional unless its invalidity appears beyond a reasonable doubt. State v. Webber, 214 Mo. 272; State ex rel. v. Railroad, 215 Mo. 479; State v. Price, 229 Mo. 670; State ex rel. v. Gordon, 223 Mo. 547; State ex rel. v. Johnson, 234 Mo. 338. (2) The construction which the Legislature places upon the Constitution, while not conclusive upon the courts, is pursuasive as to its intent and meaning. State ex rel. v. Patterson, 229 Mo. 373. (3) The county court has the constitutional right to anticipate the revenue for any given year and to create an indebtedness to be paid from that of the anticipated revenue so long as it stays within the constitutional limit of fifty cents on the $100 of assessed valuation, and its right so to do cannot be questioned judicially. Decker v. Diemer, 229 Mo. 296.

*John T. Barker*, Attorney-General, and *Lee B. Ewing*, Assistant Attorney-General, for respondent.

(1) Sections 3, 4, 5, 6 and 7, pp. 122-124, Laws 1913, are unconstitutional, because they purport to authorize any county of this State to become indebted in any one year to amount in excess of the revenue provided for said county for said year, without the assent of two-thirds of the voters thereof, voting at an election held for the purpose of determining the question of said indebtedness. Constitution, sec. 12, art. 10; Trask v. Livingston County, 210 Mo. 582; Book v. Earl, 87 Mo. 246; State ex rel. v. Railway, 169 Mo. 574; Anderson v. Ripley County, 181 Mo. 46; Decker v. Diemer, 229 Mo. 330; Holloway v. Howell County, 240 Mo. 613; Campbell v. State, 99 Pac. (Okla.) 779; Garvin County v. Bridge Co., 124 Pac. 324; Gas Co. v. Brickswedel, 62 Cal. 641; Beard v. Hopkinsville, 95 Ky. 241; Brown v. Corey, 175 Pa. 528. (2) The bonds in question, having been issued in attempt to create an indebtedness in excess of the building fund provided for the year 1914, for relator county and being payable solely from said building fund, and the question of said indebtedness never having been submitted to a vote of the people of relator county, said bonds were illegally issued and are therefore void. Anderson v. Ripley County, 181 Mo. 46; Trask v. Livingston County, 210 Mo. 582.

BROWN, J.—Original proceeding by mandamus to compel the State Auditor to register and certify county bonds.

On June 23, 1914, the relator filed its petition in this court reciting that the county court of Christian county had created a building fund pursuant to section 3, p. 122, Laws 1913, and had transferred to said building fund certain unexpended balances in other funds then existing in the treasury of said county amounting to about $12,500. That the valuation of all

the taxable property in said county of Christian was less than six million dollars; that the necessities of said county require the construction of a county courthouse, county poorhouse, and the remodeling of the jail of said county; and that, for the purposes of making the aforesaid improvements, it is necessary to add to said building fund the further sum of $65,000, which amount it was estimated by said court could be raised by a levy of ten cents on the $100 valuation of the taxable property of said county during a period of twenty years. That, after creating said building fund and making said estimate, the county court ordered the issuance and sale of bonds in the sum of $65,000 for the purposes before recited, and requested the prosecuting attorney to cause its proceedings in that behalf to be reviewed by the circuit court, as provided by section 6, p. 123, Laws 1913. That, after the proceedings of the county court were duly reviewed and in all things ratified and confirmed by the circuit court, the relator issued and tendered to respondent the aforesaid bonds, and requested that he register them in compliance with section 1275, Revised Statutes 1909, and endorse thereon his certificate reciting the alleged fact that in the issuance of said bonds all conditions of the law had been complied with. That said request was refused, wherefore relator prayed that an alternative writ of mandamus issue requiring respondent to register and certify said bonds, or show cause for his failure so to do.

Upon the filing of relator's petition respondent entered his appearance and, after agreeing that the relator's petition might be considered as and for an alternative writ, thereupon filed his demurrer alleging that said petition stated no cause of action, for the reason that on the face thereof it appeared that the debt sought to be created by the issuance of said bonds was in excess of the revenue and income of the county for the current year, and that sections 3, 4, 5, 6 and 7 of the

Act of 1913 purporting to authorize the creation of a debt in excess of the income and revenues of said county for the current year without the assent of two-thirds of the voters of said county voting at an election held for that purpose was invalid, because in violation of section 12, article 10, Constitution of Missouri. A few other facts are pleaded, but enough has been stated to make the issues clear.

We do not deem it expedient to encumber our opinion by incorporating herein the Act of 1913, the constitutionality of which is challenged by respondent. Every lawyer in the State has access to that enactment. It is, however, conceded that the Act of 1913 was full^r complied with by the relator, and on the pleadings the sole issue before us is whether or not said Act of 1913 violates the following provision of section 12 of article 10 of our State Constitution, to-wit:

"No county, city, town, township, school district or other political corporation or subdivision of the State shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year. without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose."

I.   Preliminary to the determination of the issue before us learned counsel for relator call our attention to the axiomatic rule that a statute County Indebtedness. will not be declared unconstitutional unless its invalidity appears beyond a reasonable doubt. In this insistence we unreservedly concur.

Relator and respondent agree that the voters of Christian county did not assent to the issuance of the bonds tendered for registration. That the assessed ` luation of all taxable property in Christian county for the year 1913 was only $5,041,670, and that the hi `1est rate of taxes which could be lawfully levied

State ex rel. v. Gordon.

in that county for all purposes (without the assent of its voters) is fifty cents on each $100 valuation, which levy would yield an annual income of about $25,208.35, or less than one-half of the amount of bonds issued by relator. However, it is conceded that only ten cents on the $100 valuation was levied for building purposes in the year 1914.

To sustain their insistence that the law under which the bonds tendered for registration is valid, relator cites Lamar Water & E. L. Co. v. Lamar, 128 Mo. 188, l. c. 222-3, wherein it was held by a divided court that a city may legally make a contract for water extending over a period of years, and that an annual tax levy to pay for water thus contracted for was not a debt within the purview of that part of the Constitution now under consideration. A very similar case was Saleno v. City of Neosho, 127 Mo. 627, wherein the rule was announced that a contract to purchase water for a city to be delivered and paid for during a term of years, does not become a debt of the city until such water is actually delivered; therefore, the obligation to purchase such water did not become a debt created in the year when the contract was made. The rule announced in the cases last cited has been quoted with approval in subsequent opinions as follows: Water Co. v. City of Neosho, 136 Mo. 498, and Water & Light Co. v. City of Lamar, 140 Mo. 145. However, relator's difficulty rests in the fact that these cases were based upon facts quite different from those in the case at bar.

Although an obligation to purchase water at a price stipulated in a contract is not a debt until the water thus purchased is delivered, what shall we say about these negotiable bonds which when sold will become absolute obligations to pay to the bearers thereof amounts of money aggregating $65,000, regardless of whether the relator gets the courthouse, etc., which it intends to build with the proceeds of these bonds?

After mature deliberation we are forced to hold that the contract to buy water in annual installments and pay for it in the same way is quite dissimilar to the obligation created by the issuance of these bonds; therefore, what is said in the Lamar case (128 Mo. 188) and in the Neosho case (127 Mo. 627) affords very little, if any, light in reaching a correct conclusion in the case at bar.

The case of Trask v. Livingston County, 210 Mo. 582, is cited by both parties, and while the language used by Judge Gantt in that opinion seems to be in full accord with the doctrine announced in Book v. Earl, 87 Mo. 246, and Anderson v. Ripley County, 181 Mo. 46, there is much obscurity as to the facts recited, or intended to be recited, in the Trask case, as well as in the judgment which that opinion affirms. Therefore, it does not furnish much support to the contentions of either party.

The case of Decker v. Diemer, 229 Mo. 296, relates to the right of county courts to transfer moneys collected for one fund to another fund, and does not cast light upon the right of a county to create debts payable in future years.

Respondent to sustain his contention cites and relies upon Book v. Earl, 87 Mo. 246, wherein, by a unanimous opinion, it was ruled that a county court could not incur a debt in excess of its income and revenue for any current year to pay for remodelling or building additional rooms to its county courthouse, without first obtaining the assent of two-thirds of the votes cast at an election held for that purpose. Also the case of Anderson v. Ripley County, 181 Mo. 46, which followed the doctrine of Book v. Earl, 87 Mo. 246, and held that, although the voters of a county had given their assent to the construction of a $20,000 county courthouse, a contract for extra work on such courthouse, the cost of which was in excess of the amount voted, and also in

excess of the income of such county for the current year, was invalid and could not be enforced.

The cases of Book v. Earl, 87 Mo. 246, and Anderson v. Ripley County, 181 Mo. 46, both related to lack of power under our Constitution to create debts in excess of current revenue for the construction of courthouses, or parts of courthouses, and, therefore, they are almost precisely in point here and entitled to great weight in leading us to a correct conclusion in the present case. In Book v. Earl, 87 Mo. 1. c. 252, it was said that the unmistakable purpose of section 12 of article 10 of our Constitution is to force counties to transact their business on a cash basis, and not incur debts to be paid after the year in which such debts were created. The doctrine of that case has been cited with approval many times.    [Black v. McGonigle, 103 Mo. 1. c. 202; Barnard & Co. v. Knox County, 105 Mo. 1. c. 386; State ex rel. v. Columbia, 111 Mo. 1. c. 378; Andrew County ex rel. v. Schell, 135 Mo. 1. c. 38; State ex rel. v. Payne, 151 Mo. 1. c. 669; K. C., Ft. S. & M. Ry. Co. v. Thornton, 152 Mo. 1. c. 573; State ex rel. v. Johnson, 162 Mo. 1. c. 6°°; State ex rel. v. Wabash Ry. Co., 169 Mo. 1. c. 574; Union Trust Co. v. Pagenstecher, 221 Mo. 1. c. 130; State ex rel. v. Woodside, 254 Mo. 1. c. 593.]    This seems to be the only fair and logical construction of our organic law. The fact that the Constitution itself speaks in such plain terms renders an evasion of its words or intent impossible, however much we may wish to see relator and other municipalities similarly situated permitted to borrow money to make public improvements.

The law under which the instant bonds were issued being in conflict with a plain constitutional provision, neither the proceedings of the county court nor of the circuit court of Christian county were of sufficient potency to breathe vitality or validity into those obligations. Our first duty under our oaths is to support and enforce the organic law, and while we will resolve every

State ex rel. v. Gordon.

reasonable doubt in favor of the validity of statutes, in all cases where both the words and intent of the Constitution are clear we are bound to follow it.

The $65,000 bonds sought to be registered purport to create a debt more than twice as large as the *total* income and revenue of Christian county for the year in which such bonds were issued; therefore, the respondent did not err in refusing to register and certify them, and our writ of mandamus must be denied. It is so ordered. .

All concur, *Blair, J.,* in the result, except *Bond, J.,* who dissents in a separate opinion filed, and *Walker, J.,* not sitting.

BOND, J. (dissenting).—I have examined a copy of the bonds proposed for registration and also the record of the proceedings in the circuit court of Christian county, from which it is evident that the issue of bonds is spread over a period of ten years and that the amounts payable thereon for each year does *not* exceed the indebtedness which the county may incur under the Constitution for each year of the entire series. [Lamar Water & E. L. Co. v. City of Lamar, 128 Mo. l. c. 222.]

Such a contract when made for necessaries, as county jails, poorhouses and court houses, and providing for payment of the obligations thus created, from year to year, so that no payment on any intervening year shall exceed the constitutional limit of indebtedness for that year, does not violate the Constitution of this State, nor others wh re the organic law is similar. [1 Dill. on Mun. Cor. (4 Ed.), sec. 136a.]

I therefore dissent to the majority opinion in this case.