No. 19,634.

LULU PERKINS, *Appellant*, v. THE GREAT WESTERN ACCIDENT ASSOCIATION, *Appellee*.

SYLLABUS BY THE COURT.

1. ACCIDENT INSURANCE — *Death — Accident or Suicide? — Findings of Trial Court Conclusive.* In an action by the beneficiary to recover the amount of an insurance policy where the only issue was whether the insured committed suicide, and on conflicting evidence the trial court sitting without a jury found for the defendant, the judgment can not be disturbed—following *Martin v. Hoffman*, 77 Kan. 185, 93 Pac. 625 and *Heath v. Life Association*, 89 Kan. 634, 132 Pac. 147.

2. NEW TRIAL—*Motion Filed Too Late—Scope of Review.* Failure to file a motion for a new trial within three days does not necessarily require an appeal to be dismissed. It may merely limit the scope of the review.

Appeal from Leavenworth district court; JAMES H. WEN-DORFF, judge. Opinion filed November 6, 1915. Affirmed.

*Lee Bond,* of Leavenworth, for the appellant.

*C. F. W. Dassler,* of Leavenworth, and *Carr, Carr & Evans,* of Des Moines, Iowa, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action in the district court of Leavenworth county brought by Lulu Perkins, widow of Louis Perkins, to recover on an accident-insurance policy for $750 issued by the defendant. Plaintiff's petition alleged that Louis

Perkins, who was the holder of an accident policy issued by the defendant, "died on March 24, 1912, as a result of a wound received through external, violent and purely accidental means, to-wit: the accidental and unintentional discharge of a pistol, and that by the terms of said policy said defendant became indebted to said plaintiff, now his widow, in the sum of $750."

Defendant's answer was: first, a general denial; second, "For second and further defense to said petition defendant alleges that the assured, Louis Perkins, committed suicide and died by his own hand, by his own voluntary act, by shooting himself with a gun or pistol, and that his death did not result from, nor was it caused by a wound received through external, violent and purely accidental means, nor by or from any cause or causes, or from any accidental means that are within any of the terms of the policy set forth in the petition."

A jury was waived, and on the evidence adduced the court in part found:

"And the Court finds for the plaintiff and against the defendant, and finds that the death of the insured, Louis Perkins, resulted from and was caused by intentionally self-inflicted injuries within the exceptions noted in the accident policy, sued on, and that defendant is indebted to the plaintiff in the sum of one dollar as stipulated in said policy, and is entitled to a judgment against the defendant for said sum and costs."

Two specifications of error are assigned:

1. That the judgment should have been for $750 instead of one dollar and costs. 2. Error in overruling plaintiff's motion for a new trial.

1. The first error assigned could only be the basis of a reversal if there was no substantial evidence upon which the trial court's finding was based. The appellant contends that there is a presumption that a rational person will not commit self-destruction, and that this presumption must be overcome by evidence. This is settled law. (*Mutual Life Ins. Co. v. Wiswell*, 56 Kan. 765, 44 Pac. 996; *Knights Templars Indem. Co. v. Crayton*, 209 Ill. 550, 70 N. E. 1066; *Stephenson v. Bankers Life Assn.*, 108 Iowa, 637, 79 N. W. 459; *Union Casualty & Surety Co. v. Goddard*, 25 Ky. Law Rep. 1035, 76 S. W. 832; *Stevens v. Continental Casualty Co.*, 12 N. Dak. 463, 97 N. W. 862.) But there was evidence which, in the opinion of the district court, was sufficient to overcome that

presumption and to base a finding of suicide. It can avail naught that this court might think the evidence rather meager to warrant that conclusion. This was a case where judges might entertain an honest difference of opinion, but the determination of the facts was strictly within the province of the trial court, and its finding is conclusive. (*Heath v. Life Association,* 89 Kan. 634, 132 Pac. 147.)

In *Kahm v. Klaus,* 64 Kan. 24, 67 Pac. 542, it was said:

"Counsel for plaintiff in error contend that the court below erred in its view of the evidence. We ourselves could wish it more strongly preponderating in favor of defendant in error. . . . The ordinary rule for us is that when a case has been tried in the court below without a jury and there is some testimony in proof of every fact necessary to sustain the general finding, the finding will be upheld without undertaking to review the evidence. (*Wood v. Davis,* 12 Kan. 575.)" (p. 28.)

2. It is suggested by appellee that this appeal should be dismissed because the motion for a new trial was not filed in time. The judgment of the district court was rendered on April 12, 1914. The motion for a new trial was filed April 28, 1914. This motion was filed too late. (Civ. Code, § 306; *Harder v. Power Co.,* 93 Kan. 177, 148 Pac. 603.) Of course, on an issue of law no motion for a new trial is necessary. (*Ritchie v. K. N. & D. Rly. Co.,* 55 Kan. 36, 39 Pac. 718.) So too where the judgment is based upon the ascertained and undisputed facts a motion for a new trial is unnecessary, for in such case the sole question is the application of the law to established facts. (*Filter Co. v. Bottling Co.,* 89 Kan. 645, 132 Pac. 180.) Ordinarily the failure to file a motion for a new trial does not authorize a dismissal. It merely restricts the scope of the review.

No reversible error appearing, the judgment must be affirmed.