## CAROLINE ROTTINK v. JOHN H. NAGLE et al., Appellants.

**Division One, July 5, 1918.**

1. **LIMITATIONS: Fraudulent Conveyance: Grantor's Adverse Possession.** Title to land may, by the Statute of Limitations, be reinvested in a fraudulent grantor. A grantor by deed, whether in good faith and a valuable consideration, or to avoid the payment of his debts, may reacquire the fee-simple title to the lands conveyed, by adverse possession thereof for the statutory period of ten years.

2. ——: ——: ——: **Notice of Adverse Claim.** In order to make continuity of possession the basis of an adverse holding by the grantor or his heirs, after the delivery of his deed, he or they must, by words, acts or conduct, apprise the grantee that he is claiming title and possession of the land in defiance of the covenants of his deed; for until such notice is expressly or impliedly given to the grantee he will be entitled to rest secure upon the legal presumption that the continued possession by the grantor is in subservience to the grant.

3. ——: ——: ——: ——: **Sufficient Evidence.** Testimony that the owner of land, in order to save it from the effect of pending litigation, voluntarily made and recorded a deed to his father-in-law, and thereafter, for sixteen years and up to the time of his death, remained in exclusive possession, making improvements. discharging all existing mortgages, paying all the taxes, and claiming to be the owner, and that after his death his children conveyed the land to his wife and that she thereafter for the two years prior to bringing suit continued in possession, was sufficient to establish the possession of said grantor and his said wife as being adverse, continuous, hostile, notorious and under claim of title for the statutory period of ten years.

Appeal from St. Clair Circuit Court.—*Hon. C. A. Calvird,* Judge.

AFFIRMED.

*Geo. A. McIntre* and *Hargus & Johnson* for appellants.

(1) To warrant a decree in this case, the evidence should be of a character so clear, definite and positive as to leave no room or reasonable ground for hesitancy or doubt in the mind of the chancellor. Ferguson v. Robinson, 167 S. W. 453; Smith v. Smith, 201 Mo. 547; Reed v. Sperry, 193 Mo. 173; Johnson v. Quarles, 46 Mo. 423. (2) Where a party is in possession of land in privity with the rightful owner there must be an explicit disavowal and disclaimer of holding under that title brought home to the owner, to constitute adverse possession. McCune v. Goodwillie, 204 Mo. 338; Heckescher v. Cooper, 203 Mo. 278; Missouri Lumber & Mining Co. v. Jewell, 200 Mo. 707; Coberly v. Coberly, 189 Mo. 17; Meyer v. Meyer, 105 Mo. 431; Budd v. Collins, 69 Mo. 129; Hamilton v. Boggess, 63 Mo. 249; Wilkerson v. Thompson, 82 Mo. 330. (3) Where a deed is made to hinder, delay or defraud creditors, grantor's possession is in subordination to the true title, and the Statute of Limitation does not run. Williams v. Higgins, 69 Ala. 524; McClanahan v. Stevenson, 91 N. W. 925, 118 Iowa, 106; Hads v. Tiernan, 25 Pa. Sup. Ct. 14. (4) He who comes into a court of equity must come with clean hands. Derry v. Fielder, 216 Mo. 193; Houtz v. Hellman, 228 Mo. 655, 128 S. W. 1006; Seibel v. Heigham, 216 Mo. 137; Creamer v. Bivert, 214 Mo. 473; McNear v. Williams, 166 Mo. 358; Ward v. Hartley, 178 Mo. 135; Peddleton v. Asbury, 104 Mo. App. 723.

*Waldo P. Johnson* for respondent.

(1) The possession of John Rottink, under whom plaintiff claims, was hostile and adverse to defendant. 1 Cyc. 1040; Brown v. Brown, 106 Mo. 611; Lumber Co.

v. Craig, 248 Mo. 322; Turner v. Hall, 60 Mo. 271; Stone v. Perkins, 217 Mo. 586; Wilkerson v. Eilers, 114 Mo. 254; Scruggs v. Scruggs, 43 Mo. 142.

BOND, C. J.—I.   Action to try the title to one hundred and sixty acres of land in St. Clair County, Missouri.

The petiton alleges that on August 16, 1898, and theretofore, one John Rottink, the husband of the plaintiff herein, owned and was in possession of certain land in St. Clair County, Missouri; that on that date he executed a deed conveying said land to John H. Nagle, the defendant, and that said deed is on record in the office of the Recorder of Deeds of St. Clair County; that said deed was made without consideration and was never delivered to said Nagle or accepted by him, but that John Rottink remained in the adverse possession thereof until the date of his death in October, 1914; that John Rottink died intestate, leaving as his only heirs at law Caroline Rottink, plaintiff, and five children; that said children, by proper conveyances, conveyed said land to this plaintiff, who alleged ownership of same in fee and actual, open and notorious possession.

*Statement.*

The petition further alleged that defendant John H. Nagle was adjudged to be of unsound mind and incapable of managing his affairs and that defendant James Carter was appointed, qualified and is acting as guardian of his property and estate.

James Carter, as guardian of said Nagle, filed an answer in which he admitted the ownership in 1898 of said land by John Rottink; that since that date the legal title has been in the name of John Nagle; admitted that said Nagle was adjudged of unsound mind; that he was his legally appointed guardian; admitted the death of John Rottink, and denied plaintiff's interest in and title to said land, except in so far as her dower interest therein was concerned.

Ralph P. Johnson, the duly appointed guardian *ad litem,* filed an answer of the same import.

The evidence showed that some years before his death Rottink went to Texas, where he purchased some lands which he traded for the land in suit; that litigation arose as to the Texas land purchased and fearing he might be cast in that suit he deeded the Missouri land, which he got for his Texas land, to John Nagle, his father-in-law; that John Rottink did not borrow money from Nagle at the time he acquired the Missouri farm; that Rottink had the deed to Nagle recorded "to clear him from the Texas land trouble;" that he made improvements on the Missouri land, paid all the taxes thereon up to the time of his death and discharged all the mortgages thereon, and claimed to own the same by full acts of ownership through himself and his real estate agents.

The testimony of James Carter, guardian of John Nagle, showed that he never had anything to do with the land in question; that he had paid no taxes thereon; that he had collected no rents therefrom; that he had made no improvements, and that John Rottink had not acted as his agent or representative in any capacity; and that John Rottink did not say anything to him about owing Nagle money. The guardian of Nagle's estate did not inventory this land, nor discover any indebtedness from Rottink to Nagle. The administrator of Rottink's estate collected the rents of his land after his death.

The trial before the court resulted in a finding and judgment that the title to said land was vested in plaintiff in fee simply by the Statutes of Limitations. Defendants appealed.

II. The learned trial judge put his judgment in favor of plaintiff on the fact that possession of the lands was held by her husband and his heirs (through whom she claimed) for eighteen years and upon evidence showing that this possession was actual, undisturbed, continuous, exclusive, open and notorious and under a claim of title in the possessors.

*Limitations.*

That title to lands may be reinvested in a fraudulent, as well as a bona-fide grantor, by the Statute of Limitations, is the settled law in this and other states. In a recent decision (Robinson v. Reynolds, 176 S. W. l. c. 5) the cases are cited and the rule formulated, viz.:

"A grantor by deed, whether in good faith and for a valuable consideration, or to avoid the payment of his debts, may reacquire a fee-simple title to the lands conveyed, by adverse possession thereof for the statutory period of ten years. [Brown v. Brown, 106 Mo. 611; Knight v. Knight, 178 Ill. l. c. 558; Freeman v. Funk, 85 Kan. l. c. 477; Kelly v. Palmer, 91 Minn. l. c. 135; Snyder v. Snover, 56 N. J. L. 20; Chatham v. Lonsford, 149 N. C. 363.]

"The general rule is that, in order to make continuity of possession after the delivery of the deed the basis of an adverse holding, the grantor must by words, acts, or conduct apprise the grantee that he is claiming title and possession of the land against the covenants of his deed; for until such notice is expressly or *impliedly* given to the grantee he will be entitled to rest secure upon the legal presumption that the continued possession of the land by the grantor is in subservience to the grant. [Meyer v. Hope, 101 Wis. 123; Stevens v. Whitcomb, 16 Vt. 121.] But when the character of such possession is adequately changed the grantee must recognize the altered status, for, if he permits the adverse possession to exist without cessation and without challenge for ten years, the grantor maintaining it may be reinvested with the fee."

The statement of the above rule is quoted because the case in which it was announced was not officially published. There was no disagreement on the part of the members of this court as to the applicatory law in that case, the only difference of opinion being as to the facts calling for its application, the majority of its judges taking the view that under the evidence the defendant in that case was only in adverse possession from December 23, 1905, until the institution of that suit in 1910, and hence was not in a position to rely

upon the bar of the statute of ten years.  In the instant case the possession of plaintiff and her grantors for eighteen years was undenied and the character of that possession as being adverse, continuous, hostile and notorious and under a claim of title to the lands, is not controverted by any evidence in the record, but was abundantly shown on the trial of the case.

In these circumstances it is wholly unnecessary to rule on the other points suggested in the argument. Under the facts disclosed in this record the possession of plaintiff and her grantors and its continuity for the statutory period and the fact that it was hostile and under a claim of title to the land, was established by evidence excluding any reasonable doubt.  It is immaterial, therefore, whether the deed from Rottink to Nagle was not only recorded, but actually delivered to Nagle, for on the facts shown in this record an indefeasible title in fee simple was vested by the Statute of Limitations in the heirs of John Rottink.

The judgment of the trial court was correct and will be affirmed.  It is so ordered.  All of the judges concur except *Woodson, J.,* who dissents.