# Joseph K. Roberts and Samuel L. Brooke, *vs.* James L. Morsell.

A contract for the sale of land provided, that the residue of the purchase money, after the cash payment, should be paid in six equal annual instalments, "*with interest on the whole amount unpaid from the first day of January* 1847; that is to say, payable" one-sixth on the 1st of January 1847, "*without interest;*" one-sixth on the 1st of January 1848, "*with interest from said first day of January* 1847, *as aforesaid;*" one-sixth on the first days of January 1849 and 1850, respectively, "*with interest as aforesaid;*" one-sixth on the first days of January 1851 and 1852, respectively, "*with interest thereon as aforesaid.*" HELD:

That under this contract the vendee was bound to pay each instalment as *it became due*, with *interest on such instalment* from the 1st of January 1847, *only*, and not on the *whole unpaid principal* from that date as each instalment fell due.

As a general rule interest is not payable until the principal on which it is to be paid is actually due; if the creditor wishes his interest before, the contract should provide not only when it is to begin, but also the *time when* it shall be paid.

APPEAL from the Equity Side of the Circuit Court for Calvert county.

The bill in this case was filed by the appellants, for an injunction to restrain the appellee from further proceedings in an ejectment suit to recover certain lands which he had sold to the complainants. The only question in the case relates to the proper mode of calculating interest under the contract of sale between the parties, the material parts of which are as follows:

"Three thousand dollars, part of the said purchase money, to be paid in cash, the residue thereof in six equal annual instalments, with interest on the whole amount unpaid from the first day of January 1847; that is to say: payable one equal sixth part on the first day of January 1847, without interest; one other sixth part on the first day of January 1848, with interest from said first day of January 1847, as aforesaid; one other sixth part on the first day of January 1849, with interest as aforesaid; one other sixth part on the first day of January 1850, with interest as aforesaid; one other sixth part on the first day of January 1851, with interest thereon as aforesaid; and one other sixth part on the first day of January 1852, with interest thereon as aforesaid. The said parties of the second part are to give their bonds or notes for the said purchase money, with interest as aforesaid, payable as aforesaid to said party of the first part."

The whole purchase money amounted to $18,160, and the whole amount due, according to the mode of calculation insisted on by the complainants, was paid to the defendant, who executed his deed for the land, with the understanding, however, that the correctness of the two calculations under the contract should be submitted to the decision of the court.

The court below, (BREWER, J.,) being of opinion, "upon a careful consideration of the contract, that according to its true construction interest is to be paid upon the whole purchase money at the period stipulated for the payment of each instalment," passed an order dissolving the injunction, from which the complainants appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and TUCK, J.

*Thomas G. Pratt* for the appellants.

To present the only point in dispute between the parties clearly to the court, I will suppose that the purchasers, on the 1st of January 1848, paid to the vendor the sum of $2678.25, being the amount of the instalment stipulated to be paid on that day, with interest *thereon* from the 1st of January 1847. The appellants insist, that such payment would be applicable to the liquidation *of that instalment with the interest on it.* The appellee insists, that he had a right to apply such payment, first, to the payment of the interest upon all the deferred instalments, and the *residue only* to the principal of the instalment, due on the 1st of January 1848. Whether such payment should under the contract be applied as contended for by the appellants, or as insisted on by the appellee, is the only question in the case. We insist, that under the true construction of this contract the vendees were only bound to pay each instalment as *it became due*, with the interest *on such instalment* from the 1st of January 1847, and, consequently, that the court below erred in its construction of the contract, and that the appellee, therefore, has received all he is entitled to.

*Charles S. Parran* for the appellee, argued:

1st. It is expressly stipulated in the contract, in the first place, that interest is to be paid on the *whole amount of unpaid purchase money,* and the subsequent terms are not contradictory, because the words, "with interest from said first day of January 1847, *as aforesaid,* showing the amount of interest to be paid on the 1st of January 1848, *must* refer to the antecedent expression, *"with interest on the whole amount unpaid from the first day of January* 1847." *Chitty on Cont.,* 83, 84, 86. 2 *Bing.,* 506. *Saward vs. Anstey.* 3 *Bos. & Pul.,* 574, *Hesse vs. Stevenson. Story on Cont.,* 584.

2nd. If bonds had been required of the appellants, they should have provided for the payment of interest on the *whole amount* of purchase money unpaid from January 1st, 1847;

because the contract required "the said parties of the second part to give their bonds or notes for the said purchase money, *with interest as aforesaid,* to said party of the first part," the words *"as aforesaid"* still referring to the first clause or term relative to the payment of interest on the purchase money.

ECCLESTON, J., delivered the opinion of this court.

The present controversy is in regard to the proper mode of calculating interest under the contract between the parties. The appellants contend, that interest should be paid, from the 1st of January 1847, upon each instalment, when the principal thereof became due, excepting, of course, the first, which was to be paid without interest on the 1st of January 1847, but conceding that *it* would bear interest also from that day, if not then paid. The appellee insists, that upon whatever should be the amount of purchase money unpaid on the 1st of January 1847, interest was to commence from that day, and as each instalment became due he had a right to demand the principal of the instalment and all the interest which had not been previously paid, including not only interest on the instalments then due and not paid, but also interest on those not due. In other words, that when each instalment of principal fell due he was entitled to all the interest, from the 1st of January 1847, upon the whole unpaid principal of the purchase money, whether actually due or not, except such part of the interest as might have been previously paid. And that all payments made, after the 1st January 1847, were first to be applied in discharge of interest upon the whole principal not already paid, and then in payment of principal. This he considers the correct interpretation of the contract, which, after speaking of the payment of $3000, in cash, as part of the purchase money, has provided that the residue thereof shall be paid in six equal annual instalments, "with interest on the whole amount unpaid from the first day of January 1847; that is to say, payable one equal sixth part on the 1st of January 1847, without interest; one other sixth part on the 1st of January 1848, with interest from the said 1st day of January 1847, as aforesaid; one other sixth part on the 1st of January 1849,

with interest as aforesaid; one other sixth part on the 1st January 1850, with interest as aforesaid; one other sixth part on the 1st January 1851, with interest as aforesaid, and the other sixth part on the 1st of January 1852, with interest thereon as aforesaid."

The appellee says, if his view is not adopted proper effect will not be given to the words, "with interest on the whole amount unpaid from the first of January 1847," when considered, (as they should be,) in connection with the words, "with interest from the said first day of January 1847, as aforesaid," made use of in regard to the instalment of January 1848; and the words, "with interest as aforesaid," used in reference to the instalments of 1849 and 1850.

It will be difficult to make the different parts of the contract harmonize with each other under the appellee's theory. In regard to the instalment of 1851, instead of saying "with interest as aforesaid," we find the expression "with interest *thereon* as aforesaid." In this connection, "*thereon*" must mean upon the "one other sixth part," immediately preceding. If so, "as aforesaid" cannot relate to the whole amount unpaid, and, therefore, if those two words have any meaning they must have reference to the 1st of January 1847, when the interest was made to commence. They surely cannot be construed as relating to "with interest on the whole amount unpaid," because they follow immediately after the provision for the payment of "one other sixth part on the 1st of January 1851, with interest *thereon*." Afterwards the contract further provides, "and the other sixth part on the 1st day of January 1852, with interest *thereon* as aforesaid."

Supposing the language used in reference to the instalment of 1851 provides, that interest thereon shall be paid from the 1st of January 1847, as we think it does, this presents a very strong objection to the appellee's view of the contract. It cannot be true that at the payment of the instalments of 1848, 1849 and 1850, the principal of each as it fell due should be paid, not only with interest on the same, but also with interest on all the unpaid principal, due or not due, although the contract demands that the instalment of 1851 should be paid with interest *thereon* from the 1st of January 1847.

Roberts & Brooke, *vs.* Morsell.

As a general rule, interest is not payable until the principal on which it is to be paid is actually due. A bond given for $1000, to be paid six years after, with interest from the date of the bond, will not entitle the obligee to claim any portion of the interest until the six years have expired. If, therefore, a creditor wishes to have his interest before the principal becomes due, the contract should not only provide when the interest is to begin, but also the time or times when it shall be paid before the principal.

The contract before us, in relation to interest, begins thus, "with interest on the whole amount unpaid from the first of January 1847." This shows, very explicitly, when interest is to commence, and upon what, but it gives no intimation as to when it is to be paid. And the appellants' interpretation does not conflict with any part of this general provision. They agree that interest must be paid on the whole amount of unpaid purchase money, from the 1st of January 1847. But they deny that interest on the whole amount unpaid should be paid at each instalment.

An important objection to the appellee's theory has already been stated, and we have said the appellants' interpretation of the contract is not at all inconsistent with the first, or general provision in regard to interest, directing upon what it should be charged, and when it should commence. Whilst this is true, it will also be seen that under the appellants' theory the provisions relating to the several instalments will be perfectly consistent with the general provision just mentioned, and also with each other, by construing the words "as aforesaid" in each instance as relating to the time interest should commence on each instalment; that is, the 1st of January 1847. And this we think may be done with propriety; because it will harmonize the different parts of the instrument, without striking out or disregarding any portion of its language, and without interpolating any; and because, giving those words such construction will be taking far less license with them in regard to any or to either of the instalments, than will be absolutely necessary to take in regard to the words, "with interest thereon as aforesaid," used in reference to the instalment of 1851, if

the appellee's construction of the contract can be sustained. His theory renders it necessary that the word "thereon" should be expunged and entirely disregarded; or else if retained and permitted to have its legitimate meaning, the contract in this place would require one-sixth part of the principal to be paid, with interest *thereon* from the 1st of January 1847, although by the previous provisions the purchasers were bound to pay interest from the 1st of January 1847, on this same one-sixth part, as part of "the whole amount unpaid," at one, if indeed not more than one, of the instalments falling due prior to January 1851.

The appellee claims interest upon principal before it became due. This is in opposition to the general principle of law, which does not give a right to demand interest until the principal is payable, unless there is a contract conferring such right. It is, of course, incumbent upon a party setting up a claim of the kind to show that his agreement sustains it. To say the least of the present very cloudy contract, it is doubtful whether the language is sufficient to entitle the claimant to interest according to his views. The *onus* of establishing the right being on him, the court cannot say that the doubtful instrument before them shows the appellee has the right to demand interest according to his interpretation of the contract.

The only question argued before us relates to the proper mode of calculating interest; all other matters originally in controversy having, as we are informed, been satisfactorily arranged between the parties. We have therefore confined ourselves to the subject presented in the argument, and the views expressed in this opinion will show that we think the appellants' interpretation of the contract is correct; which being inconsistent with the construction of it by the judge below, his decision must be reversed, with costs to the appellants, and a decree will be given accordingly.

*Decree reversed, with costs to appellants.*