97   627
99    41

BENEDIX JURGENSEN V. JULIUS CARLSEN, *et al.*, Appellants.

**Construing of Note: INTENT.** Where a note, dated June 19, provides
1   that interest shall be paid annually, the interest matures on June
19, of subsequent years, though the installments of principal fall
due September 15 of succeeding years.

**Estoppel: EXTENSION OF TIME.** A mortgagee is not estopped from
3   taking advantage of the default clause in his mortgage which
allows him to declare the whole amount due, because he agreed
to accept an installment of interest, together with an unmatured
installment of principal, by a certain date, *after* the interest
became due, where the mortgagor *then* failed to pay.

PRACTICE—DEMAND—ELECTION.   Where the whole amount of the
4   principal and interest becomes due by the express terms of the
note and mortgage, on default in payment of interest, neither
demand nor notice of election is necessary as a condition prece-
dent to a right of action.

**Reformation: EVIDENCE.** A written contract will not be reformed
2   to correspond to the alleged intent of the parties, at the instance
of one of them, who acknowledges that it was read over to him
before its execution, and that he was then satisfied with it, though
there is other evidence of mutual mistake.

*Appeal from Clinton District Court.*—HON. W. F. BRAN-
NAN, Judge.

FRIDAY, APRIL 10, 1896.

SUIT in equity to foreclose a mortgage given by
defendants to plaintiff. The defendants pleaded a
mistake in the note and mortgage, asked that the
same be corrected to conform to the understanding of
the parties, and that the suit be abated. Decree for
plaintiff, and defendants appeal.—*Affirmed.*

*McCoy Bros.* and *Wm. Kreim* for appellants.

*Walliker Bros.* for appellee.

DEEMER, J.—The suit is predicated upon a note for the sum of four thousand dollars, made and executed by the defendant, Julius Carlsen, on the nineteenth day of June, 1893, and a mortgage upon certain real estate, made and executed on the same day, by Julius Carlsen and Gude Carlsen, his wife, to secure the payment of said note. It is provided in the note, that a failure to pay any of the interest thereon, within three days after due, shall, at the option of the holder, cause the whole of the note to become due and collectible at once. The mortgage contains a similar, although somewhat stronger, provision, in that, it provides that a failure to pay either principal or interest, within three days after it becomes due, shall cause the whole sum secured by the mortgage to become due and collectible at once, and further provides, that the mortgage may thereupon be foreclosed for the whole of said money, interest, and costs. The note, as we have said, is dated June 19, 1893, and draws interest, payable annually, at the rate of seven per cent. from date, until paid; the principal sum is made payable in installments of one thousand dollars each, on the fifteenth day of September of each year following, and including the year 1894. The mortgage also provides that the mortgagors shall pay interest annually, at the rate of seven per cent., from and after its date, upon the principal sum secured. This suit was commenced on the twenty-sixth day of June, 1894, and it is alleged in the petition that defendants neglected to pay the interest maturing June 19, 1894, for more than three days after the same became due. The defendants, in answer, claim that a mistake was made by the scrivener in drawing up the notes and mortgage; that it was the understanding and agreement between the parties that the

interest should be paid at the same time that the installments of principal matured, to-wit, on the fifteenth day of September, in each year; and they ask that the notes and mortgage be reformed to express the true agreement of the parties, and that the suit be abated. They further pleaded an arrangement between the parties, by the terms of which the plaintiff agreed that he would receive, and defendants agreed to pay, the whole of the amount of principal and interest within a few days after the maturity of the interest; and they say that, relying thereon, they proceeded to arrange for and procure the sum needed to meet their obligation, but that plaintiff, in violation of his agreement, commenced this suit; and they claim that - plaintiff is now estopped from prosecuting the action. The plaintiff denies the alleged mistake in the instruments, and denies the agreement to accept the whole of the principal and interest, as pleaded by defendants in their answer. The lower court found for plaintiff, and rendered a decree foreclosing the mortgage. Defendants appeal.

It is argued on behalf of the appellants that the interest did not mature by the terms of the note until the fifteenth of September, 1894. To determine this question, resort must be had to the note itself, which, in so far as material, is as follows: "$4,000.00. Clinton, Iowa, June 19th, 1893. On or before four years after September 15th, 1893, for value received, I, as principal, promise to pay to Benedix Jurgensen or order the principal sum of four thousand dollars, with interest thereon from date until paid, at the rate of 7 per cent. per annum, payable annually, in each year, until said principal sum is fully paid; said payments to be made as follows: $1,000 on or before Sept. 15th, 1894, and $1,000 on or before Sept. 15th, in each year, until fully paid." It is manifest, we think, that the interest was

payable annually, and that it matured on the nineteenth day of June, in each year after the date of the note. The payments which were to be made on September fifteenth of each year, from and after 1894, are specified and limited, and are manifestly payments of a part of the principal sum.

II. The evidence is in conflict on the issue of mistake. It is well understood that in such cases the burden is upon him who claims mistake to establish the same by clear and satisfactory evidence, which shall be free from reasonable doubt. Now, while the scrivener who drew the instruments states that it was the agreement and understanding of the parties that the interest should mature and be paid with the installments of principal, and that he intended to make the note so read, and the defendant Julius Carlsen also testified that. this was the understanding, yet the defendant says that he heard the instrument read before he signed it, and was satisfied with it as read. He also says on cross-examination that there was no such understanding as he now claims, before he signed the paper. Plaintiff denies that there was any mistake, and says that, when the papers were read to Carlsen, he expressed himself satisfied therewith. It also appears that defendant made no claim of mistake until about the time the answer was filed, but told a disinterested party that his defense to the suit, would be that plaintiff had failed to notify him that the interest was due. There is not such clear and satisfactory evidence in the case as to justify a reformation of the instruments.

III. Nothing is shown in evidence which would constitute an estoppel. It is true that plaintiff agreed to accept from the defendant one thousand dollars of the principal and the matured interest, if paid in a certain time. But defendant did not have the money ready at the time agreed upon.

Defendant did not in any manner alter his position or do anything on the strength of the agreement, which would furnish the basis for an estoppel. The whole amount of the principal and interest was due by the express terms of the note and mortgage, at the time this suit was commenced, and neither demand nor notice of election was necessary as a condition precedent to a right of action. *Swearingen v. Lahner*, 93 Iowa, 147 (61 N. W. Rep. 431).

We reach the conclusion that the decree of the district court is right, and it is **AFFIRMED**.