### BLACKBURN v. BLACKBURN'S ESTATE.

Limitation of Actions—Absence from State—Husband and Wife.

3 Comp. Laws 1897, § 9736, provides that if, after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action. *Held*, that the saving clause applies where both the maker and payee of a note, husband and wife, remove for a time from the State, and take up their residence in another State,—especially if the cause of action is not barred by the statutes of the latter State.

Error to Alpena; Kelley, J. Submitted May 1, 1900. Decided May 15, 1900.

Cynthia A. Blackburn presented a claim against the estate of George N. Blackburn, deceased, for the amount of certain promissory notes. The claim was allowed in the probate court, and William A. Blackburn appealed to the circuit court. From a judgment for claimant, contestant brings error. Affirmed.

*J. H. Cobb*, for appellant.

*Frank Emerick*, for appellee.

LONG, J. The claimant, Cynthia A. Blackburn, is the widow, and administratrix of the estate, of George N. Blackburn, who died intestate on October 9, 1895. She was married to him in the year 1883, at Alpena, where both had resided for some years. At this time she was a widow, and Blackburn a widower, with two children, of whom the contestant, William A. Blackburn, is one. On May 7, 1884, Mrs. Blackburn sold and conveyed to her husband an undivided one-half of a house and lot, of which she was the owner, in the city of Alpena, together with a considerable amount of household furniture, for the sum of $2,300; receiving therefor three promissory notes, bearing the common date of May 7, 1884, with interest at 7 per cent.,—the first for $700, payable one year from date, and the second and third each for $800, payable, respectively, two and three years from date. On the trial the execution of these notes by the deceased was duly proved, but, when the same were offered in evidence, the estate objected to their reception because said notes, upon their face, appeared to be outlawed. There were upon each of these notes indorsements of payment sufficient to save the bar of the statute of limitations, if they had been in the handwriting of deceased, but they were not; and claimant was unable to make any proof in regard to such indorsements or payments, except by her own testimony, which was rejected as incompetent. It was then made to appear that said George N. Blackburn, together with his wife and family, removed from the city of Alpena, with their household effects, and took up their permanent residence in the State of North Carolina, on the 16th day of May, 1888, and that said George N. Blackburn, together with his wife and family, continued to reside in the State of North Carolina, and remained absent from the State of Michigan, from that date until July 3, 1892 (a period of 4 years, 1 month, and 17 days), when said Blackburn, wife and family, returned to and continued to reside in Alpena until his death. Upon this being made to appear, the court held the first of said notes

to be outlawed, and the second and third not outlawed, and permitted a recovery upon such last-named notes for the amount conceded to be due thereon, after compelling claimant to deduct the amount of said indorsements and interest therefrom. Contestant, William A. Blackburn, brings error.

It is claimed by counsel for claimant that the second and third of these notes, falling due, respectively, May 10, 1886, and 1887, were saved from being barred by the statute of limitations by the exception created by the latter part of section 9736, 3 Comp. Laws 1897, which provides:

"If, after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

It is conceded by counsel for contestant that if George N. Blackburn alone had been absent from and resided out of the State, and in the State of North Carolina, the time of such absence could not be taken as a part of the time limited for commencement of action; but it is claimed that where both parties (the maker and the payee of the note) go out of the State, and take up a residence in the same State, the statute above has no application. The argument in support of this contention is that, if a creditor has the means at all times of making his cause of action perfect, it would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim, by failing to present it.

If it were to be admitted that these notes were barred by the statute of limitations of North Carolina, it would constitute no bar to an action in this State. As was said by Kent, C. J., in *Ruggles* v. *Keeler*, 3 Johns. 267 (3 Am. Dec. 482):

"A foreign statute of limitations can no more be pleaded to a suit instituted here than it can be replied to a plea under our statute. Statutes of limitations are municipal regulations founded on local policy, which have

·no coercive authority abroad, and with which foreign or independent governments have no concern."

It is, we think, well settled that, though the claimant resided with the deceased in the State of North Carolina for the time stated, yet that fact would not take the case out of the exception created by this section of the statute. *Kempe* v. *Bader*, 86 Tenn. 189 (6 S. W. 126); *Ruggles* v. *Keeler*, 3 Johns. 263 (3 Am. Dec. 482); *Graves* v. *Weeks*, 19 Vt. 178; *Hartley* v. *Crawford*, 12 Neb. 471 (11 N. W. 729); *Bulger* v. *Roche*, 11 Pick. 36 (22 Am. Dec. 359); 2 Wood, Lim. § 245, and note.

In *Kempe* v. *Bader*, *supra*, the action was upon two promissory notes made in the State of Missouri, both maker and payee being residents of that State at that time and for several years thereafter. At the time suit was brought, the maker of the note (Bader) had become a resident of Tennessee, while the payee, Kempe, still remained a resident of Missouri. The defendant pleaded in bar of the action the statute of Tennessee of six years, but the plaintiff replied the section of the statute of Tennessee similar to our statute under consideration; and it appeared that defendant, after his removal to Tennessee, had been absent from that State from July, 1878, to November, 1879, or a sufficient time, if this exception was applicable to these parties, to save the action. It was insisted that this section was not applicable, inasmuch as both parties were nonresidents at the time the right of action accrued, and that the plaintiff was still a nonresident. The court held that the residence of either or both of the parties when the cause of action accrued or when the action was brought had no effect in limiting the effect of this exception, and that the suit was not barred.

In *Graves* v. *Weeks*, 19 Vt. 178, it was held that an action in which both parties were nonresidents would be sustained, although the cause of action was barred at the commencement of the suit by the statute of limitations of the State of which both parties were resident citizens.

But, whatever may be said of the general rule, it is well settled by the decisions of North Carolina that these notes were not barred by the statute of limitations of that State. Under the statutes of that State, both as to personal and real actions, a woman under the disability of coverture is expressly excepted from the operation of all their statutes of limitations. 1 Code 1883, §§ 148, 163. The courts of that State have uniformly held that none of the married woman's acts has any effect to cause the statute of limitations to run against a woman under the disability of coverture. *State, ex rel. Lippard,* v. *Troutman,* 72 N. C. 551; *Campbell* v. *Crater,* 95 N. C. 156; *Summerlin* v. *Cowles,* 101 N. C. 473 (7 S. E. 881).

The judgment of the court below must be affirmed.

The other Justices concurred.