EDWARD E. TALBOT, Admr.,

*vs.*

JAMES E. HATHAWAY and Trustees.

Washington.    Opinion April 20, 1915.

*Administrator de bonis non.   Presumption.   Promissory Notes.   Statute of Limitations.   Surety.   Will.*

1.   The plaintiff offered in evidence a memorandum on the back of each note, in the handwriting of decedent, to the effect that she paid the note.   The fact that they were written on the back of the notes, instead of on a separate paper or private book, is immaterial.   They are nothing more than private memoranda made by the surety herself in her own favor.

2.   A party is not permitted to introduce such entries made by himself in support of his own case.

3.   The decedent's possession of the notes at the time of her death is prima facie evidence that she paid them, and that fact unexplained is presumptive evidence that she paid them and had not been repaid.

4.   The fact that the defendant has resided continuously out of the State since the latter part of the year 1865 renders unavailing his plea of the statute of limitations, because the time of his absence from the State is not to be taken as a part of the time limited for the commencement of the action.

5.   Independently of the statute of limitations, the defendant urges in bar of the action the common law presumption of payment arising after the lapse of twenty years.   The presumption of payment arising from the lapse of time is a matter of evidence.   It is the presumption of a fact, and may be rebutted by evidence of other facts and circumstances tending to show non-payment or sufficiently accounting for the delay of the creditor.

6.   The presumption of payment may be repelled by any facts which destroy the reason for it.   It is not essential that the evidence to rebut the presumption should contain any new promise on the part of the debtor or positive act of unequivocal recognition of the debt by him within the period.

7.   There was no contract for an extension of time to maker that would release the surety.

On report.  Judgment for the plaintiff for amount due on both notes.

This is an action of assumpsit by plaintiff, as administrator de bonis non, with will annexed, of the estate of Ursula M. Penniman, late of Machias, in said County, deceased, to recover money claimed to have been paid by decedent as surety on two promissory notes given by defendant James E. Hathaway to I. Sargent and Mary E. O. B. Harding dated respectively, July 10, 1865 and July 13, 1865. The defendant pleaded the general issue and filed brief statement of statute of limitations.  At the conclusion of the evidence, the case was reported to the Law Court for determination upon so much of the evidence as is legally admissible.

The case is stated in the opinion.

*C. B. & E. C. Donworth,* for plaintiff.

*O. H. Dunbar, and H. H. Gray,* for principal defendant.

*S. W. Sawyer,* for trustees.

SITTING:  SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

KING, J.  The case comes up on report.  It is an action by the administrator de bonis non with the will annexed of the estate of Ursula M. Penniman, late of Machias, Maine, to recover sums alleged to have been paid by her as surety for the defendant on two promissory notes, one, dated July 10, 1865, for $100 payable "in October next with interest," and the other, dated July 13, 1865, for $100 payable "in one year from date with interest."

Miss Penniman, the decedent, was the defendant's aunt.  She died March 3rd, 1893.  The notes in question were in her possession at the time of her death, were included in the inventory of her estate filed by her first administrator, and came into the possession of the plaintiff as her administrator de bonis non.

The defendant has resided continuously out of the State of Maine since the autumn of 1865.  His plea is the general issue and the statute of limitations.  He offered no evidence, except his deposition taken in the State of Washington; but he was disqualified as a witness to facts happening before the death of the testatrix, because the plaintiff is prosecuting the suit as an administrator, and that objection was raised both at the taking of the deposition and at the trial.  R. S., Chap. 84, Sec. 112.

The plaintiff offered in evidence a memorandum on the back of each note, in the handwriting of the decedent, to the effect that she paid the note. We find no authority for the admission of those entries. The fact that they were written on the back of the notes instead of on a separate paper or private book is immaterial. They are nothing more than private memoranda made by the surety herself in her own favor. A party is not permitted to introduce such entries made by himself in support of his own case. *Libby* v. *Brown,* 78 Maine, 492; *Townsend Bank* v. *Whitney,* 3 Allen, 455.

But the plaintiff contends that the decedent's possession of the notes at the time of her death is prima facie evidence that she paid them. We think that contention is sustainable. The notes had been negotiated. The decedent had signed them as surety. She was liable to pay them. If she paid them we should expect to find them in her possession until she was repaid. They were in her possession at the time of her death, and that fact unexplained is presumptive evidence that she paid them and had not been repaid. In *McGee* v. *Prouty & another,* 9 Met., 547, 551, the court said: "We have no doubt that where a promissory note has been negotiated, and afterwards comes into the possession of one of the parties liable to pay it, such possession is prima facie evidence of payment, and that he is to be treated as the bona fide holder, unless the contrary is made to appear. *Dugan* v. *United States,* 3 Wheat., 172; *Baring* v. *Clark,* 19 Pick., 220; *Northampton Bank* v. *Pepoon,* 11 Mass., 288." The same rule was recognized in *Heald* v. *Davis,* 11 Cush., 318.

The fact that the defendant has resided continuously out of the State since the latter part of the year 1865 renders unavailing his plea of the statute of limitations because the time of his absence from the State is not to be taken as a part of the time limited for the commencement of the action. R. S., Chap. 83, Sec. 106.

Independently, however, of the statute of limitations, the defendant urges in bar of the action the common law presumption of payment arising after the lapse of twenty years. In other words, he urges that if he ever became indebted to the decedent on account of her payment of the notes in question, that indebtedness is more than twenty years old, and is presumed to have been paid. And it is true that more than twenty years elapsed after the decedent paid the notes before the action was commenced. But the presumption of payment arising from the lapse of time is a matter of evidence. It is

the presumption of a fact, and may be rebutted by evidence of other facts and circumstances tending to show non-payment, or sufficiently accounting for the delay of the creditor. The presumption may be repelled by any facts which destroy the reason for it. Nor is it essential that the evidence to rebut the presumption should contain any new promise on the part of the debtor or positive act of unequivocal recognition of the debt by him within the period. *Jenkins* v. *Andover Theological Seminary*, 205 Mass., 376, 382.

It appears, as above noted, that the defendant has resided continuously out of the State since the autumn of 1865. There are cases in some jurisdictions holding that the non-residence of the debtor during the time relied on to create the presumption of payment does not prevent that presumption arising; but in other cases, including those in this State, it is held that continued non-residence of the debtor rebuts the presumption of payment. Cyc., Vol. 30, page 1280 and cases cited. It was so expressly held in *McLellan* v. *Crofton*, 6 Greenleaf, 307, 334, where the court approved an instruction that the debtor's absence from the country during the twenty years was sufficient to control and repel the presumption of payment from lapse of time. But of more significance than the debtor's continuous absence from the State, is the fact that the notes were in the possession of the decedent up to the time of her death, the place where we should expect them to be if she paid them as surety and had not been repaid therefor, and where we should not expect them to be if he had repaid her. This fact of her possession of the notes stands unexplained by any other fact or circumstance, and, therefore, renders it most improbable that he paid his liability to her arising on account of those notes. We are, therefore, constrained to the conclusion that the facts and circumstances appearing in this case are sufficiently strong to repel the presumption arising from lapse of time that the defendant paid the decedent the amounts she paid as his surety on the notes.

It remains to determine the amount for which the plaintiff is entitled to judgment. There are no indorsements of payments on the first note. But on the second note there are two, one dated Nov. 3, 1865 for $20 and the other dated Dec. 20, 1865 for $30. The note, however, was not due till July 13, 1866, and accordingly, both payments appear to have been made before its maturity. It is not to be expected, in the usual course of business, that a surety on a note

would pay it until after the default of the principal.  And if partial payments appear to have been made on a note before its maturity we think the prima facie inference is that they were made by the maker rather than by the surety.  The payment of the balance due on this note by the decedent would account for her possession of it, and we think the presumption of payment arising from her possession of it should be limited to the balance due on it at its maturity.

It is therefore the opinion of the court that the plaintiff is entitled to judgment for the amount due on both notes, the defendant to have the benefit of the partial payments made on the second note as they appear by the indorsements thereon.

*So ordered.*