RUNYAN v. RUNYAN ET AL.

[No. 10,228. Filed February 3, 1920.]

1. INTEREST.—*Debt Payable by Installments.—Time to Pay Interest Not Fixed.*—When a debt with interest is to be paid by installments, with no definite time fixed for the payment of the interest, the interest is due upon each installment at the time that such installment is due. p. 471.

2.  DIVORCE. — Alimony. — Payment by Installments. — Interest. —
Under a decree for alimony in a gross sum with interest, direct-
ing the payment of the alimony in fixed monthly installments, the
wife was entitled to each fixed monthly installment as they ma-
tured, with interest thereon from the date of the judgment, in
view of §1088 Burns 1914, §1047 R. S. 1881. p. 471.

From Huntington Circuit Court; *J. F. Charles*,
Special Judge.

Action by Winfield Runyan and another against
Nellie V. Runyan. From a judgment for plaintiffs,
the defendant appeals. *Reversed.*

*W. A. Branyan* and *Wilbur E. Branyan*, for ap-
pellant.

*C. W. Watkins* and *C. A. Butler*, for appellees.

NICHOLS, C. J.—In a former action appellant had
procured a divorce from appellee and a judgment for
alimony. So much of the judgment as pertains to
the alimony is as follows: ·

> "It is further considered and adjudged by the
> court that the plaintiff shall have and recover
> from said defendant for alimony the sum of
> $13,000 with interest at 6 per cent, per annum
> from date, payable in installments of $75.00 per
> month on or before the tenth day of each month.
> In case of the death of the plaintiff all of said
> judgment remaining unpaid at the time of the
> death, except the sum of $300.00 shall be consid-
> ered paid and cancelled, but $300.00 shall be
> paid to her estate."

Appellee thereafter paid $75 each month until the
bringing of this suit, but did not pay any interest.
The money was paid into the hands of the clerk of
the court and appellant drew the same from time to

time, either in person or by her attorney. Afterwards she caused an execution to be issued to collect $86.04, which she claimed was the amount of delinquent interest due her. This action was brought by appellee to procure an injunction against the collection of the alleged delinquent interest. There was a trial by the court, which resulted in a special findings of fact with conclusions of law and judgment in favor of appellee, enjoining the collection of the alleged delinquent interest. After motion for a new trial, which was overruled, appellant prosecutes this appeal.

The error relied upon for reversal which we need to consider is that the court erred in its conclusions of law stated upon the special findings of fact. The result of this appeal depends upon the construction of the judgment for alimony in the divorce proceeding. Appellant contends that by the judgment for alimony the principal is to be paid in installments of $75 per month, such installment being due on or before the tenth of each month, together with interest thereon at the rate of six per cent. per annum, while appellee contends that he is by judgment only required to pay the $75 each month, and that such sum must be first applied to the discharge of the interest on the judgment unpaid, and the remainder of the $75 after the payment of such interest to the discharge of the principal, as in case of partial payments under what is commonly known as the United States rule.

It is expressly provided by §1088 Burns 1914, §1047 R. S. 1881, that the decree for alimony to the wife shall be for a sum in gross, and not for annual payments, but that the court in its discretion may give a reasonable time for the payment thereof

1-2.

by installments on sufficient surety being given. In the case of *Marsh* v. *Marsh* (1904), 162 Ind. 210, 70 N. E. 154, it is held that: "In providing that that portion of the decree in divorce cases relative to the provisions for the wife shall not be for annual payments, it was evidently the purpose of the legislature to prohibit all indefinite allowances for her support, and to require the court to confine its allowance to her to a fixed sum, on the theory that thenceforth the parties were to be 'strangers to each other." If appellant's interpretation of the judgment of the trial court is to be adopted, then it will require about seventy-five years to pay the judgment for alimony in full. We have not made an accurate computation to determine definitely the length of time required. The strong probability is that the judgment for $13,000 and interest, which the court fixed as the proper amount that appellant should receive in alimony, would never be paid, for it will be observed that the judgment provides that at the death of appellant all of the judgment remaining unpaid, except the sum of $300, shall be considered fully paid and canceled. With appellant's interpretation, the judgment as fixed by the court is in the nature of an annuity to appellant, which is forbidden by the statute. It is a rule of law that when a debt with interest is to be paid by installments, with no definite time fixed for the payment of the interest, the interest is due upon each installment at the time that such installment is due. *French* v. *Kennedy* (1849), 7 Barb. (N. Y.) 452; *Turner* v. *Roby's Exr.* (1832), 30 Ky. (Marsh), 209; *Roberts* v. *Morsell* (1856), 10 Md. 32. We hold that under the judgment of the court in the divorce proceeding $75, with six per cent. interest thereon from the date of the judgment, is due to the appellant

on or before the tenth of each month until the judgment is fully paid. It seems that the finding and judgment in the divorce case as to alimony followed some agreement of the parties. It must not be understood by this decision, we are approving that judgment. The question of its validity is not before us.

The judgment is reversed with instructions to restate the conclusions of law, and to enter judgment for appellant accordingly.