### ADA LEVEE

#### *vs.*

### ALVIN J. MARDIN, ET AL

Cumberland.    Opinion March 21, 1927.

*The jurisdiction conferred upon the Law Court by R. S., Chap. 82, Sec. 46, over "cases in which there are motions for new trials upon evidence reported by the justice," is limited to jury trials, and does not include cases submitted to the trial Judge for decision without the aid of a jury.*

*It is not necessary to declare specially on a promissory note.   An action of money had and received or account annexed which in practice is substituted for the common money counts, lies by the endorsee of negotiable paper against the maker.   The paper itself is admissible in support of the action.*

In the instant case the allowance of an amendment striking out the second count of the plaintiff's declaration was addressed to the discretion of the trial judge and is not open to exception.

The defendants upon their exception to the admission of the note in evidence are confined to the grounds of objection stated at the trial.

On exceptions and general motion by defendants.   An action of assumpsit to recover two installments on a note given by defendants to one Harriett T. Small and by her endorsed in blank to plaintiff. The declaration contained two counts, one on account annexed, and the other on another promissory note.   The cause was heard by the trial judge without a jury.   The second count on motion was stricken out and defendants reserved exceptions.   The plaintiff offered the first note on which it was claimed two installments were due which was admitted against objections by defendants who excepted, and

also filed a general motion for a new trial.    Exceptions overruled. Motion overruled.

The case appears in the opinion.

*Davidson & Janas* for plaintiff.

*Charles J. Nichols* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

STURGIS, J.   Action of assumpsit to recover unpaid installments alleged to be due on a promissory note given by defendants to one Harriett T. Small and transferred by her blank endorsement to the plaintiff.   The declaration is in account annexed in the following form:

"Portland, Me., February 1, 1926.

Alvin J. Mardin and—M. E. Mardin

| | |
|---|---|
| to Ada Levee, | Dr. |
| August 12, 1925, for money had and received.. | $250.00 |
| Interest 8 per cent per annum.............. | 166.00 |
| | $416–" |

A count to recover on a certain promissory note of August 12, 1925, was added, but stricken out by amendment allowed, with exception reserved.   The plea was the general issue which the plaintiff joined, and the case was heard by the trial Judge with jury waived and the right of exceptions to questions and rulings of law reserved.

Plaintiff's counsel produced and offered in support of the account annexed a note of the following tenor:

$4150.00             Portland, Me., August 12, 1925.

One year after date, I promise to pay to the order of Harriett T. Small, Forty-one hundred and fifty dollars at any bank in Portland, payable $125 each and every three months with interest payable quarterly at 8%.

Value received.                 ALVIN J. MARDIN.

                              MILDRED E. MARDIN.

The paper bore upon its back an endorsement, "Without recourse to me, Harriet T. Small."

The note was admitted against the defendants' objection and exception taken.   The plaintiff rested, and the defendants offered no

evidence in their defense. The Court found for the plaintiff in the sum of $208, and the defendants filed a motion for a new trial on the usual grounds.

The allowance of the amendment striking out the second count was addressed to the discretion of the trial Judge. *South Thomaston* v. *Friendship*, 95 Maine, 206. It is not open to exception. *Cons. Rend. Co.* v. *Harrington*, 114 Maine, 394.

The jurisdiction conferred upon the Law Court by R. S. , Chap. 82, Sec. 46, over "cases in which there are motions for new trials upon evidence reported by the justice," is limited to jury trials and does not include cases submitted to the trial Judge for decision without the aid of a jury. *Espeargnette* v. *Merrill*, 107 Maine, 304.

The note offered in evidence is a negotiable promissory note. The fact it is payable in installments does not destroy its negotiability. 3 R. C. L., 904; 8 Corpus Juris, 141. It is not necessary to decide, upon this exception, when the several installments are due; but upon any reasonable construction of the paper the time for the payment of each installment, we think, is fixed or determinable within the requirements of the Negotiable Instruments Act. P. L. 1917, Chap. 257, Sec. 4. An action lies to recover the installments which have become due. *Burnham* v. *Brown*, 23 Me., 400.

It is not necessary to declare specially on a note. An action of money had and received lies by the endorsee of negotiable paper against the maker. *Titcomb* v. *Powers*, 108 Me., 348; *Carver* v. *Hayes*, 47 Me., 258; *Ware* v. *Webb*, 32 Me., 43. And it is well settled that the paper itself is admissible to sustain the action. *Titcomb* v. *Powers*, supra; *Sturtevant* v. *Randall*, 53 Me., 149; *Fairbanks* v. *Stanley*, 18 Me., 296. That the instant action is account annexed will not vary the rule. In practice, account annexed is a substitute for the common money counts. *Cape Elizabeth* v. *Lombard*, 70 Me., 396; *Elm City Club* v. *Howes*, 92 Me., 211.

The only ground of objection to the admission of the note in evidence stated at the trial is that a note is not admissible in support of an action on account annexed for sums due on the note. The defendants are here confined to the ground stated. *Cowan* v. *Bucksport*, 98 Me., 305; Moore, Appellant, 113 Me., 119. That ground is not supported by authority, and the exceptions must be overruled.

*Exceptions overruled.*
*Motion overruled.*