125 P.2d 717

**HEISEL v. YORK.**

No. 4662.

Supreme Court of New Mexico.
March 5, 1942.

Rehearing Denied May 19, 1942.

Don G. McCormick, of Hobbs, for appellant.

Leo L. Heisel, of El Paso, Tex., for appellee.

BRICE, Chief Justice.

The question is whether payment of a certain promissory note, executed by appellant and payable to the appellee, was established under the common law rule that after a lapse of twenty years from its date payment is presumed. The findings of the court are substantially as follows:

On the 18th day of December, 1918, the appellant York made, executed and delivered to the appellee Heisel his promissory note in the following words and figures:

"$1203.84     Alamogordo, New Mexico, Dec. 18, 1918

"For value received I promise to pay to the order of Leo L. Heisel the sum of Thirteen Hundred Three and 84/100 Dollars, to be paid at the rate of Fifty Dollars per month, each and every month, from date until paid in full, together with 6 percent interest on the deferred payments.

"(Signed)   Lee R. York."

The appellant resided in the State of New Mexico from the date of the note until August, 1923, at which time he moved to Abilene, Texas, where he resided continuously until July, 1940. The appellee lived in El Paso, Texas, from July, 1919, until January 3, 1928, at which time he moved to and resided thereafter in Dona Ana County, New Mexico. Appellee has never attempted to collect said note or any portion except by the present suit. Several cash payments of $50 and $100 each were made on the note, aggregating $400; the last being of date November 10, 1920. A credit endorsed on the note, dated November 15, 1921, in the amount of $59.90 was in payment of an attorney's fee due the appellant and earned at an undetermined date prior thereto. This suit was filed on April 2, 1941.

■ Errors assigned not referred to hereafter are abandoned because not supported by point, argument or authority. Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99; Brown v. Mitchell, 45 N.M. 71, 109 P.2d 788.

■ Appellant's first point is, "The evidence of the plaintiff wholly fails to overcome the presumption of payment arising from the lapse of twenty years between the due date of the note sued on and the date of the filing of the suit." By "the evidence" we assume appellant has reference to the trial court's findings of fact, as the evidence is out of the case. Mosley v. Magnolia Petroleum Co., 44 N.M. 230, 114 P.2d 740.

■ The common law has been the rule of practice and decision in this state since 1876, and as we have no statute on the subject of presumption of payment, the common law rule is in force. It is manifest from the wording of the note that the principal sum was to be paid at the rate of $50 per month. It is so stated in the note. It is added "together with six percent interest on the deferred payments." This ambiguous statement might mean that the six percent interest on all deferred payments was to be paid each month, or that six percent interest was to be paid on each deferred payment as it fell due, the interest increasing upon each installment as time passed. It is one or the other, and in either event the last payment was due January 18, 1921, at which time an action could have been brought upon this installment and interest. Levee v. Mardin et al., 126 Me. 133, 136 A. 696. But if the note did not so provide, then the general rule that where a note is to be paid in installments with no definite time fixed for the payment of the interest, that interest is due upon each installment at the time such installment is due, will prevail, with the same result. Runyan v. Runyan et al., 72 Ind.App. 469, 126 N.E. 35; Jurgensen v. Carlsen, 97 Iowa 627, 66 N.W. 877; Tanner v. Dundee Land Investment Co., C.C., 12 F. 646; French v. Kennedy, 7 Barb., N.Y., 452; Roberts v. Morsell, 10 Md. 32; 33 C.J. "Interest" § 28; 30 A.J. "Interest" § 10. We are, however, of the opinion that the appellant agreed to pay $50 a month and interest on all deferred payments each

month. This suit was brought more than twenty years after the last installment was due, and the presumption of payment is evidence in appellant's favor unless the payment of $59.90 endorsed on the note nineteen and a half years before the filing of the suit rebuts the presumption.

The findings of fact made by the court are indefinite and inconclusive, but we stated in Fraser v. State Sav. Bank, 18 N. M. 340, 137 P. 592, 594: "Findings are not to be construed with the strictness of special pleadings. It is sufficient if from them all, taken together with the pleadings, we can see enough upon a fair construction to justify the judgment of the court, notwithstanding their want of precision and the occasional intermixture of matters of fact and conclusions of law."

This rule was adopted from O'Reilly v. Campbell, 116 U.S. 418, 420, 6 S.Ct. 421, 29 L.Ed. 669.

Admissions made in pleadings are assumed to be true and under the rule in the Fraser case, will be added to the findings of fact if necessary to support a judgment. The appellee pleaded certain payments, among them "November 15, 1921, $59.90." In answer to this paragraph of the complaint appellant stated "Defendant admits the payments as set forth in paragraph 3 here made, but denies that there is now owing to plaintiff any balance whatsoever on said note." In other words, he admitted that on November 15, 1921 he paid $59.90 on the note. Appellant in his brief quotes appellee as having testified as follows:

" * * * The credit shown upon the note of $59.90 represented a fee on a matter which was referred from El Paso, Texas by the plaintiff to the defendant and handled at Alamogordo, New Mexico by the defendant; by agreement the plaintiff was authorized to credit that amount upon the note as and when received; that amount was received as shown on the note on November 15, 1921."

Now the court did find, and at appellee's request apparently, that this credit of .$59.90 was an attorney's fee due the defendant "and earned at an undetermined date prior thereto." We think it is entirely proper to review the testimony to clarify or construe this finding. Mosley v. Magnolia Petroleum Co., supra. From the evidence of the appellee we find that it was not intended to hold that appellant was entitled to credit at an earlier date; only that he had earned the fee at a date not determined. The proof is that he was entitled to the credit on the date that it was given.

It is a general rule that even though a note may be twenty years past due, the presumption of payment does not arise if within twenty years prior to suit thereon, payment on the principal or interest is made, or it is otherwise definitely and unequivocally recognized as an existing obligation. Beekman v. Hamlin, 19 Or. 383, 24 P. 195, 197, 10 L.R.A. 454, 20 Am.St.Rep. 827, and authorities there re-

viewed. We quote from this well considered case, as follows:

"Some of the authorities hold that any evidence tending to prove non-payment may be sufficient; that the fact must be found by the jury; and that any evidence ordinarily competent on the question of payment, if it satisfies the jury, is all that the law requires. Another class of cases, and which we think have the better reason to support them, hold with Lyon v. Adde, supra [63 Barb., N.Y., 89], that this presumption is one of law, and can be rebutted only by some positive act of unequivocal recognition, like part payment or a written admission, or, at least, a clear and well-identified verbal promise or admission, intelligently made, within the period of 20 years."

Regarding a similar question, the Supreme Court of the United States, in Hughes v. Edwards, 9 Wheat. 489, 497, 6 L.Ed. 142, in which the right to foreclose a mortgage was involved, stated: "* * * In respect to the mortgagee, who is seeking to foreclose the equity of redemption, the general rule is, that where the mortgagor has been permitted to retain possession, the mortgage will, after a length of time, be presumed to have been discharged, by payment of the money, or a release, unless circumstances can be shown sufficiently strong to repel the presumption, as, payment of interest, a promise to pay, an acknowledgement by the mortgagor that the mortgage is still existing, and the like. * * * In addition to these circumstances, credits were indorsed on the bond, for payments acknowledged to have been made, which, though blank, the court below ascertained to have been made on the 15th of January, 1798, the 15th of May, 1803, and the 2d of August, 1808. The mortgagor, then, cannot rely upon length of time, to warrant a presumption that this debt has been paid or released, the circumstances above detailed having occurred from eight to thirteen years only prior to the institution of this suit."

See, also, Swinley v. Force, 78 N.J.Eq. 52, 78 A. 249; Courtney v. Staudenmayer, 56 Kan. 392, 43 P. 758, 54 Am.St.Rep. 592; 21 R.C.L. "Payment" § 160; 48 C.J. "Payment" § 241.

■ The fact that the appellant had resided in another state so that the action was not barred by the New Mexico Statute of Limitations did not affect the rule of presumption of payment invoked in this case. Courtney v. Staudenmayer, supra; Bean v. Tonnele, 94 N.Y. 381, 46 Am.Rep. 153.

It is asserted that the action was barred by the six-year Statute of Limitations. Comp.St.1929, § 83-103. Ten monthly payments were made on the contract, so that since November 18, 1919, a suit might have been brought for payments due. Both parties lived in New Mexico from November 18, 1919, to August, 1923, and from July, 1940, to April 2, 1941, the date suit was filed; about four and a half years, a period too short to toll the statute. Both parties

lived in Texas from August, 1923, to July, 1928, about five years. The applicable Texas statute, Vernon's Ann.Civ.St.Tex. art. 5527, is four years, so that suit was barred in that state, and appellant insists that this should bar the right to sue in New Mexico. We stated in In re Goldsworthy's Estate, 45 N.M. 406, 115 P.2d 627, 633:

"It has been suggested, though not the basis of the trial court's decision and not urged here by appellee in support of the judgment, that when a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar should be a complete defense to any action thereon in any of the courts of this state. This may be so, but it is a matter of legislative concern and not ours. This result has been accomplished in a number of states."

See Perkins v. Guy, 55 Miss. 153, 30 Am. Rep. 510, cited in the Goldsworthy Case. The statute is as follows: "If, at any time after the incurring of an indebtedness or liability or the accrual of a cause of action against him or the entry of judgment against him in this state, a debtor shall have been or shall be absent from or out of the state or concealed within the state, the time during which he may have been or may be out of or absent from the state or may have concealed or may conceal himself within the state shall not be included in computing any of the periods of limitation above provided." Comp.St.1929, § 83-107.

The statute of limitation is local in its application. It has reference to suits in the New Mexico courts, and the fact that an action thereon was barred in Texas does not affect appellee's right to sue under the New Mexico statute in New Mexico. Nor can the time both parties lived in Texas be added to the time they resided in New Mexico. The appellant was "out of the state" though both lived in Texas during five years. Blackburn v. Blackburn's Estate, 124 Mich. 190, 82 N.W. 835, 83 Am.St.Rep. 325; Meyers v. Credit Lyonnais, 259 N.Y. 399, 182 N.E. 61, 83 A.L.R. 268 and annotation at page 271 et seq.

The judgment of the district court should be affirmed, and it is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.

On Motion for Rehearing.

BRICE, Chief Justice.

It is asserted that this court erred in holding that the credit endorsed on the note nineteen and a half years before suit was brought was sufficient to overcome the presumption of payment, for the reason that the agreement for this credit (which it is said was the evidence of nonpayment) was made at a date prior to the date of the credit, and that this unproved date may have been prior to the twenty-year period. That therefore appellee had not met the burden of rebutting the presumption of payment.

The burden on the appellee to overcome the presumption was to prove that the note was not paid. The proof that partial payments were made within the twenty-year period will rebut such presumption.

The facts seem to be that appellant sent from El Paso, Texas, to appellee at Alamogordo, New Mexico, a claim against a third person, for which he would earn a fee, with instructions to appellee to apply that fee on the note in question when received. This claim of fee was not assigned to appellee; it belonged to appellant until applied. Following appellant's instruction the appellee did apply the fee upon the note when it was received by him, and that date was within the twenty-year period. We think this was sufficient proof that the note had not been paid at the time the credit was given, for otherwise the appellant would not have permitted such application of the funds, which he admits were credited with his consent.

Any competent evidence tending to show the debt was not paid is sufficient to rebut the presumption of payment, if clear and convincing. We find the proof satisfactory under the rule. Sheafer v. Woodside, 257 Pa. 276, 101 A. 753, 1 A.L.R. 775; Talbot v. Hathaway, 113 Me. 324, 93 A. 834, 1 A.L.R. 772, and annotation 1 A.L.R. at page 817 et seq.

The motion for rehearing is overruled, and it is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.