**GAMBLE, Plaintiff, v. GAMBLE, Defendant.**

Common Pleas Court, Van Wert County.

No. 20934.

Beard & Wise, Van Wert, for plaintiff.
Drury, Koch, Koch & Zeigler, Van Wert, for defendant.

## OPINION

By McNEIL, J.

This cause came on to be heard upon the motion of plaintiff to strike the 5th and 6th paragraphs of defendant's answer. These paragraphs allege that the Michigan Statute of Limitations is six years; that since 1940 both parties had lived in Michigan; and that no action was taken in Michigan during that time. Other parts of the answer show that defendant has been a resident of Michigan since 1936 and plaintiff has been a resident since 1940, and the notes were executed in Ohio while plaintiff was a resident of Van Wert County, Ohio. For the purposes of this pleading, these facts will be regarded as being true.

The Supreme Court of Ohio has ruled that one is not forced to use a warrant of attorney but may sue on cognovit notes in the usual manner, and if the latter is chosen, the statute of limitation does not run against a non-resident of the State of Ohio until he has been in the state the required fifteen years. **Loan Co. v. Firestine, 148 Oh St 133.** For the same effect, see: **Couts v. Rose, 152 Oh St 458.**

This exact question has not been specifically raised in Ohio. The closest is in the case of **Meekison v. Groschner, 153 Oh St 301.** In that case an Ohio resident was payee of notes executed in Michigan with the place of payment in Ohio. The Court held that since these notes were due and payable in Ohio to an Ohio creditor, the statute was tolled by the non-resident. These cases imply a liberal construction in favor of the person holding the obligation.

However, the Court was able to discover two cases in which the exact situation has occurred. In the case of Heisel v. York, 125 P. 2d 717, two residents of New Mexico signed a note and later both moved to Texas. Texas had a four year statute of limitations, and both resided in Texas for more than four years. After this period the plaintiff returned to New Mexico and later sued upon the notes and it was held that the statute was tolled as against the defendant living in Texas until he returned to New Mexico and the fact that they both resided in the same state did not affect the rights of the plaintiff in suing in New Mexico.

The second case is the case of Blackburn v. Blackburn, 82 N. W. 835, a Michigan case. In that case a note was executed in Michigan; later both plaintiff and defendant moved to the State of North Carolina. Both resided in the State of North Carolina apparently long enough for the statute of limitations of North Carolina to be in effect. Later, one returned to Michigan and sued on the notes, and the court there held the statute of limitations was tolled because of non-residency of the defendant and plaintiff could recover in Michigan.

It appears to the Court that the decisions reached by the New Mexico and Michigan Supreme Courts should be applied here. At the time these notes were made, it appears that the plaintiff was a resident of Ohio. The place of performance for all four notes was at Van Wert, Ohio.

Therefore, the latter non-residence of plaintiff and his residence in the same state with defendant could not affect the tolling of the Ohio Statute upon a suit here.

Consequently, the motion is sustained as to both branches. Journal Entry should be prepared accordingly. .