## Scheirer v. Faith-Lehigh Plating Company

778

*Irving W. Coleman,* for plaintiff.
*John L. Mondschein,* for defendant.

WIEAND, J., October 4, 1965. — After a complaint and an answer had been filed in this action of mortgage foreclosure, plaintiff moved for judgment on the pleadings, and this motion is now before the court for disposition.

For the purpose of passing upon a motion for judgment on the pleadings, the well-pleaded allegations of fact contained in defendant's answer are to be taken as true (Toff v. Vlahakis, 380 Pa. 512, 513; Wark & Company v. Twelfth & Sansom Corporation, 378 Pa. 578, 580), and judgment will be entered only where it is clear that no meritorious legal defense has been raised: Necho Coal Company v. Denise Coal Company, 387 Pa. 567, 568. Viewing the pleadings in this case with these principles in mind, the following facts appear:

On September 1, 1961, defendant executed and de-

livered to plaintiff a mortgage, subsequently recorded, securing an indebtedness of $30,000, which was "due and payable ten (10) years after date, together with interest thereon at the rate of four (4%) per centum per annum, commencing one year after date, together with annual principal payments of Three Thousand ($3,000.00) Dollars commencing at the end of the first fiscal year during which the Mortgagor company makes a profit of not less than Three Thousand ($3,000.00) Dollars, providing, nevertheless, that if the Mortgagor's mortgage to the Small Business Administration or any other first mortgage or obligation be paid sooner than its terms require, then the payments therein shall be accelerated and the balance paid in full; provided, further, that in determining the Mortgagor company's net profit, standard accounting methods shall be employed and not more than 10% of Mortgagor company's gross business shall be applied to administrative costs; and furthermore, upon breach of the foregoing, notwithstanding the term thereof, the principal shall become immediately due and payable".

Defendant has not paid interest to the mortgagee at any time since the execution of the mortgage. Neither has it paid principal, for in no fiscal year since the execution of the mortgage have its net profits exceeded $3,000. For the period ending June 30, 1964, the defendant company did a gross business of $47,286.60 and expended as costs of administration the sum of $5,176.36, which was greater than 10 percent of gross business done by $447.70. It does not appear, however, that the elimination of administrative costs of $447.70 in that period would have resulted in an annual net profit of more than $3,000.

It is plaintiff's argument that defendant company defaulted in the terms of the mortgage when it expended as costs of administration a sum in excess of

10 percent of its gross business in the period ending June 30, 1964. In order to so hold, it is necessary that the terms of the mortgage be construed to prohibit, upon penalty of foreclosure, the expenditure of more than 10 percent of gross business for administration. We cannot agree with plaintiff that such a construction is warranted, especially at this stage of the proceedings.

The parties to this mortgage, it will be remembered, had attempted by the terms quoted to establish the time and manner for repaying the indebtedness of $30,000. Although the principal amount was not due for 10 years, it was reducible by annual payments of $3,000 commencing at the end of the first fiscal year in which the mortgagor's net profits exceeded $3,000. To determine the company's net profits, standard accounting methods were to be employed and not more than 10 percent of gross business was to be "applied to administrative costs". From this it is apparent, we believe, that the parties did not intend to establish a limitation upon the amount which could be expended for administrative costs, but only a maximum amount to be applied in determining the amount of net profit.

Two guideposts lead us to this conclusion. Initially, it is to be noted that the limitation upon the company's administrative costs was prefaced by the words, "In determining the Mortgagor company's net profit". This suggests that the limitation was applicable for that purpose only, and for no other. Secondly, it is significant, we believe, that the word "applied" was used and not "expended" when referring to the limitation of 10 percent of gross business. It was only when applying administrative costs for the purpose of determining the company's net profits that the 10 percent limitation was intended to be controlling. If the expenditure of a sum in excess of 10 percent of gross business was to be prohibited, such a restriction could

easily have been inserted in the terms of this mortgage. This was not done, and the agreement must be interpreted in the light of such omission.

We cannot help but note also that the complaint refers to administrative costs for the period ending June 30, 1964. We are unable to ascertain from the pleadings whether plaintiff has recited annual, semiannual, quarterly, monthly or other figures. The limitation in the mortgage clearly refers, however, to a determination of net profits for a fiscal year. Even under the construction advanced by plaintiff, therefore, it cannot be said from the pleadings that during a fiscal year defendant's costs of administration exceeded 10 percent of gross business.

Plaintiff further contends that defendant's failure to make annual payments of interest on each anniversary of the mortgage constituted a default which compels the court to decree a foreclosure. Defendant argues, on the other hand, that it was not required to make any payment of interest under the terms of the mortgage, that there has been no default and that there are not now any moneys due plaintiff.

As a general rule, interest is not payable until the principal on which it is to be paid is actually due, unless there is a specific agreement to the contrary: Minard v. Beans, 64 Pa. 411; Guardian Bank and Trust Company Case, 330 Pa. 411, 416, 10 A. L. R. 998. The same general rule is applicable where the principal indebtedness is to be paid by installments. Thus, where no definite time has been fixed for the payment of interest, the rule is that interest is due upon each installment at the time such installment is due. See Runyan v. Runyan, 72 Ind. App. 469, 126 N. E. 35; Roberts & Brooke v. Morsell, 10 Md. 32. In the instant mortgage, no definite time has been fixed for the payment of interest. The phrase "commencing one year after date" is ambiguous at best. "Commenc-

ing" is not synonymous with "payable", which was stricken from the printed mortgage form, and can just as readily refer to the date from which interest was intended to accrue. It follows, therefore, that no interest was due on this mortgage because the payment of principal never became due. Consequently, there was no default by the mortgagor.

Plaintiff has suggested that the mortgage should be construed most strongly against defendant, because it was prepared by an attorney who was also a shareholder and officer of defendant corporation. Suffice it to say that these facts do not appear in the pleadings and cannot, therefore, be considered in deciding this motion for judgment on the pleadings.

ORDER

And now, October 4, 1965, it is ordered that plaintiff's motion for judgment on the pleadings be, and it is hereby, dismissed.